# HENRY C. CHILDS

## *v.*

## LAFLIN, BUTLER & Co.

1. VARIANCE—*of the description of a note, as to place of payment.* If a promissory note which is made payable to the plaintiffs "at their office," be described in the declaration as payable at their office in a particular county, the variance in respect to the place of payment will be fatal.

2. PLEADING—*declaring upon a promissory note, as to place of payment.* If the legal effect of a promissory note be that it is payable to the plaintiffs only at a particular place, as where it is payable "at their office," it must be so described in the declaration.

3. SAME—*distinction between an averment and matter of description.* In declaring upon an instrument in writing which is ambiguous, or refers to some matter not fully identified by it, and which may require extrinsic evidence to identify or characterize the matter or thing referred to, such extrinsic matters must be introduced, if necessary to the cause of action, by averments, and can not properly be given as a part of the description of the instrument.

4. SAME—*what is matter of description, as distinguished from an averment.* A declaration upon a promissory note alleged that the defendant made his certain promissory note and delivered it to the plaintiffs, "*in and by which* said note" he promised to pay them a certain sum of money at a certain time, "at the office of said plaintiffs, to wit, at said office in said county of Cook:" *Held,* the words "at said office in said county of Cook," were not an averment as to the place where "the office" at which payment was to be made, was located, but formed a part of the description of the note, and if the note did not conform to such description in respect to the place of payment, it could not be given in evidence under the count.

5. PROMISSORY NOTE—*of the place of payment.* Where a promissory note, dated at a particular place, was made payable to the payees "at their office," it is not the legal effect of such a note that it is payable to them only at their office at the place of date.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

The opinion states the case.

Mr. H. F. VALLETTE, for the appellant, contended there was a fatal variance between the note produced in evidence and that described in the declaration, as shown by the statement in the opinion of the court, and cited *Sebur* v. *Dorr,* 9 Wheat. 558; *Lowe* v. *Bliss,* 24 Ill. 138; 1 Ch. Pl. 316, 318 and note; *Hodge* v. *Fillis,* 3 Camp. 463; 1 Greenlf. Ev. secs. 56, 58, 67; Gould's Pl. Ch. 3, sec. 39; *Chittenden* v. *French,* 21 Ill. 598.

Mr. H. W. BISHOP, JR. for the appellees, cited *Archer et al.* v. *Claflin et al.* 31 Ill, 306; *Ross* v. *Clawson,* 47 Ill. 402; *Smith* v. *Morse,* 9 Wallace, 76; *Regan* v. *O'Reilly,* 32 Cal. 11; *Lasselle* v. *Hewson,* 5 Blackf. 161; *Wood* v. *Bulkley,* 13 Johns. 486; *Peyton* v. *Tappan,* 1 Scam. 382.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was an action brought by appellees against appellant, to the May Term, A. D. 1870, of the superior court of Chicago, to recover upon a .promissory note. A jury was waived and ·case tried by the court, issues found for appellees, with damages $1198, judgment entered, bill of exceptions filed, and case brought here by appeal, and a single ground of error relied upon, viz: a variance between the note declared on and that given in evidence.

The note is described in the declaration, as that defendant, on, to wit, the fifteenth day of October, 1868, made his certain promissory note, and delivered it to the plaintiffs, *in and by which* he promised to pay to the order of plaintiffs, by the name, style, etc., $1178.31, eighteen months after the date of said note, at the office of said plaintiffs, to wit, at said office in said county of Cook, for value received.

The note offered in evidence is as follows:

"$1178.31.                    CHICAGO, Oct. 15, 1868.

"Eighteen months after date I promise to pay to the order of Laflin, Butler & Co., at their office, Eleven Hundred and Seventy-eight 31-100 dollars, value received.

HENRY C. CHILDS."

When offered in evidence it was objected to on the ground of variance, because not payable at the office of plaintiffs in Cook county. The objection was overruled, and the note was received in evidence. Appellees, to meet the supposed averment in the declaration, gave evidence that at the time of the making of the note they had an office in the city of Chicago. The appellant also proved that appellees at the same time had an office in St. Charles, Kane county, Illinois. This was all the evidence.

The words " at said office in Cook county" were not an averment, but formed a part of the description of the note. The

whole description is that appellant made and delivered his promissory note, in and by which he promised to pay plaintiffs, etc., $1178.31, eighteen months after date, at the office of said plaintiffs, to-wit, at said office in said county of Cook, for value received.

In declaring upon an instrument in writing, which is ambiguous, or refers to some matter not fully identified by it and which may require extrinsic evidence to identify or characterize the matter or thing referred to, such extrinsic matters must be introduced, if necessary to the cause of action, by averments, and can not properly be given as a part of the description of the instrument.

It was not necessary to a recovery upon this note, to do more than set it out in *hæc verba;* but the pleader undertook to set it out according to its legal effect, and if it be not the legal effect of the instrument that it be payable at the office of appellees, in Cook county, then there is a misdescription of it, and the variance is fatal. In *Lowe* v. *Bliss*, 24 Ill. 168, it was held that a note payable at a specific place is essentially different from one which is payable generally—that a count upon a note described therein without any place of payment, is not sustained by a note payable specifically at a place named.

In Chitty on Bills, 566, the rule is laid down thus : "With respect to the place of payment, we have seen that if the legal effect of the instrument be that it be payable only at a particular place, it *must* be so described in the declaration ; when, on the other hand, if, according to the legal effect, it be payable generally, it would be a misdescription to describe it as payable only at a particular place."

The note in question is not payable generally, but at the office of appellees. If they had offices in two counties, as it appears they had, these extrinsic facts might show an ambiguity which would require explanation. But is it the legal effect of this instrument, that it is payable only at their office in Cook county ? There is nothing upon the face of the instrument itself, except the place of the date, which has any

tendency to such a conclusion. But the place of date is not part of the contract. It is not material to the validity of the note, and is always open to be explained. It does not make the place of payment. *Blodgett* v. *Durgin*, 32 Vt. 361 ; Story on Promissory Notes, 49 ; Chitty on Bills,. 147.

The place of the date being only *prima facie* evidence, and subject to be rebutted, has no tendency to establish the legal effect of the instrument, that it was payable only at their office in Cook county, because it is a well established principle that the legal effect of an instrument in writing can no more be varied by parol evidence than its express terms. *Thompson* v. *Ketchum,* 8 Johns. R. 190.

It follows from these views, that there was a misdescription in the declaration, of the note offered in evidence, and for that reason the note should have been excluded. The judgment is reversed and cause remanded.

*Judgment reversed.*