FRANKLIN SAVINGS INSTITUTION *vs.* JOHN REED.

Franklin.    September 17, 1878.    ENDICOTT & SOULE, JJ., absent.

If a joint and several promissory note payable on demand, and signed by A., and by B. as surety, contains an agreement on its face, below the signatures, that A. is not to be compelled to pay the note before a certain time, an action cannot be maintained against the surety before the expiration of that time; and the defence that the action is prematurely brought may be pleaded in bar.

In an action on a promissory note to recover principal and interest, the defence was that the action was prematurely brought; and, at the trial, the attention of the judge was not called to the question whether interest was due or not.   The plaintiff excepted to a ruling directing the jury to return a verdict for the defendant on the ground that the action was prematurely brought.   *Held,* that the plaintiff could not in this court contend that the action might be maintained for the interest.

CONTRACT.   Writ dated May 26, 1877.   The declaration alleged that the defendant and Benjamin W. Reed made the fol-

ᴸowing promissory note; that Robbins, the payee named therein indorsed the same to the plaintiff; and that the defendant owed the plaintiff the balance of said note and interest thereon :

" $2600.   December 5th, 1870.   For value received we jointly and severally promise to pay Edward A. Robbins or order twenty-six hundred dollars on demand, with interest annually at 7 per cent., interest to commence April 1st, 1871.

" Benjamin W. Reed.<br>" John Reed, Surety.

" It is understood and agreed that the said B. W. Reed is not to be compelled to pay said note before April 1st, 1881."

The defendant filed the following answer : "And now comes the defendant in the above entitled action, and says the action is prematurely brought.   And he further says that the payee of said note, for a good and valuable consideration, and at the time said note was given, agreed that said Benjamin W. Reed, who was the principal named in said note, should not be compelled to pay the note declared on before April 1st, 1881.   And therefore the defendant, who was a surety only in said note, was not at the time the action was commenced, and is not now, liable to the action."

At the trial in the Superior Court, before *Pitman*, J., it appeared that the memorandum at the bottom of the note was made before the delivery of the note to the original payee. The plaintiff contended and asked the judge to rule that the defendant, by his answer, had waived any defence he may have had that the action was prematurely brought; and that the action could be maintained.   But the judge ruled that the defendant had not waived such defence, and that the action was prematurely brought; and directed the jury to return a verdict for the defendant.   The plaintiff alleged exceptions.

*A. De Wolf*, for the plaintiff.   The defendant is not included in the terms of the agreement not to sue until April 1, 1881. The note, being joint and several, contains three contracts, namely, a joint contract by the signers, and a several contract of each of them.   *King* v. *Hoare*, 13 M. & W. 494, 505.   The fact that the defendant is designated as a surety does not change the legal effect of the contract, and for the purposes of the case he is to be treated as a principal.   *Harris* v. *Brooks*, 21 Pick. 195

An agreement not to sue one joint promisor does not discharge the other. *Price* v. *Barker*, 4 El. & Bl. 760. *Harrison* v. *Close*, 2 Johns. 448. *Draper* v. *Weld*, 13 Gray, 580. An express covenant not to sue the principal debtor for a certain time does not discharge a surety. *Perkins* v. *Gilman*, 8 Pick. 229. 2 Pars. Cont. (6th ed.) 27. At all events, interest is payable annually, and may be recovered in this action.

*S. T. Field*, for the defendant, was not called upon.

GRAY, C. J. The memorandum written upon the note before its delivery was part of the contract; and by its manifest intention and legal effect neither Benjamin W. Reed, the principal, nor John Reed, who appeared on the face of the note to be a surety, was bound to pay the note until April 1, 1881. *Heywood* v. *Perrin*, 10 Pick. 228. That the action was prematurely brought was rightly pleaded in bar. *Benthall* v. *Hildreth*, 2 Gray, 288. No claim to recover interest was made or ruled on at the trial, or can be asserted for the first time in this court.

*Exceptions overruled.*