JOHN M. WAY *vs.* CLARK A. BATCHELDER.

Suffolk.   March 11.— Sept. 10, 1880.   ENDICOTT & SOULE, JJ., absent.

A memorandum written at the bottom of a promissory note, before delivery, which is repugnant and self-contradictory, is not a part of the contract, and need not be set forth in the copy of the note annexed to the declaration; and parol evidence is inadmissible to show what the parties intended by the memorandum.

CONTRACT upon a promissory note for $26, dated September 13, 1878, signed by the defendant and payable in four weeks after date to the order of the plaintiff.   Writ dated October 12, 1878.

At the trial in the Superior Court, before *Colburn,* J., the plaintiff put in the note, and rested his case.   The note exhibited at the trial corresponded with the copy in the declaration, except that there was a memorandum at the bottom of the note at the left of the signature, as follows : " Due Oct. 12, Oct. 11," in ink.

The defendant requested the judge to nonsuit the plaintiff for the variance between the note exhibited and the copy in the declaration.   But the judge ruled that the memorandum was immaterial, and no part of the note.

The defendant then offered to prove that the memorandum had been altered since the execution and delivery of the note, it having been originally as follows: " Due Oct. 11, Oct. 12," in pencil ; that the parties had intended to date the note September 14, and discovered the error simultaneously with the signing, and after the first part of the memorandum, " Due Oct. 11," had been written ; and that the plaintiff, before the delivery of the note, at his own suggestion and with the assent of the defendant, wrote after the words " Due Oct. 11 " the words " Oct. 12," for the purpose of correcting the error in the date, and of signifying the agreement of the parties that the note should not become due and payable until October 12.

The judge ruled that this evidence was incompetent; and directed a verdict for the plaintiff.   The defendant alleged exceptions.

*F. T. Benner,* for the defendant.

*E. M. Bigelow,* for the plaintiff.

AMES, J.   It is true that if the parties to a written instrument see fit to add to it a memorandum containing words which qualify or restrain its operation, those words become a part of the contract.   *Wheelock* v. *Freeman*, 13 Pick. 165.   Thus it was held in *Heywood* v. *Perrin*, 10 Pick. 228, that a note purporting on its face to be payable on demand was changed into a note payable in one year, by the addition of a memorandum below the promisor's signature, by consent of parties, and before the delivery of the note.

The defendant says that the memorandum which was added to this note was originally written "Due Oct. 11," and that, for the purpose of correcting an error in the date of the note, it was altered by adding the words "Oct. 12."   That is to say, his claim is that the memorandum should read, "Due Oct. 11, Oct. 12."   But it is obvious that such a memorandum is repugnant and self-contradictory, and, for that reason, it is not to be considered as a part of the contract, or sufficient to contradict the terms used in the body of the note.   Parol evidence as to what the parties meant by it would be inadmissible.

*Exceptions overruled.*