C. DANFORTH, Appellee, v. EMMA DEAN STERMAN, Appellant.

**Negotiable instruments:** DATE OF MATURITY: MEMORANDUM. A memorandum made by the payee of a note on the lower left-hand corner following the printed word "due," making the date due different from that written in the note, and explained as having reference to the date of a different matter, became no part of the note and was not controlling as to its maturity; and the court properly instructed that the note matured at the date written in the body of the instrument.

**Same:** BONA FIDE PURCHASER: EVIDENCE: SUFFICIENCY. Plaintiff's testimony that he took the note in question in part payment of an oral obligation, and not as security was sufficient to support a finding to that effect, which is conclusive of that issue on appeal.

*Appeal from Madison District Court.*—HON. W. H. FAHEY, Judge.

WEDNESDAY, FEBRUARY 18, 1914.

ACTION on a promissory note, made by defendant to S. W. Stark, and by the payee assigned to plaintiff.    Defense, failure of consideration, and fraud in the inception of the note. Plaintiff in reply alleged that he was a bona fide holder for value and that the note was not subject in his hands, to the defenses pleaded.    On the issues joined, the case was tried to a jury, resulting in a verdict for plaintiff, upon which judgment was rendered, and defendant appeals.—*Affirmed.*

*Leo C. Percival* and *C. A. Robbins,* for appellant.

*John A. Guiher,* for appellee.

DEEMER, J.—By its terms the note in suit was due June 1, 1911, and it was transferred to plaintiff on May 18th of that year. In the lower left-hand corner of the note, and in the margin, after what we understand was a printed word "due," was written the word and figures "May 15, 1911," making the sentence read, "Due May 15, 1911," which, if correct, was before the transfer of the note. Defendant insists that this memorandum became a part of the note and is controlling as to its maturity, and that the court erred in instructing the jury that the instrument matured June 1, 1911. The only testimony as to how the memorandum came to be made was from Stark, the payee thereof, who said that he made it and also testified as follows: "Q. State to the jury, if you know, why the word 'May 15th' is written there or how it came to be written there. A. Well, I don't have any explanation to make of that except that I probably had the date of the delivery of the deed in mind when I put that there was the time they were to get their deed. Q. You just got the two mixed up? A. Yes, sir." Upon this record, it is clear that the memorandum does not control or affect the terms of the note itself, and that the trial court did not err in its instructions with reference to the maturity thereof. Daniel on Negotiable Instruments (4th Ed.), section 155; *Benedict v. Cowden,* 49 N. Y. 396 (10 Am. Rep. 382) ; *Carr v. Welch,* 46 Ill. 88; *Way v. Batchelder,* 129 Mass. 361. Under the testimony, it would have been error to have submitted the date of the maturity of the note to a jury.

1. NEGOTIABLE INSTRUMENTS: date of maturity: memorandum.

II. Plaintiff claimed that he took the note in payment or part payment of an obligation due him by the payee, Stark, and defendant insists that he took it as collateral merely to a pre-existing debt. This matter was submitted to the jury, and no complaint is made of the instructions, save to say that there was no evidence to support plaintiff's claim. In this counsel are evidently mistaken. Plaintiff testified

2. SAME: bona fide purchaser: evidence: sufficiency.

squarely that he took the note as an $80 payment upon a debt which Stark was then owing him; that Stark's obligation was an oral one; and that there was no writing upon which to credit the payment, but that he took it as a payment, and not as security. The jury found for plaintiff on the issue, and we are concluded by the finding.

There is no error in the record, and the judgment must be, and it is—*Affirmed*.

LADD, C. J., and GAYNOR and WITHROW, JJ., concur.