## Joe Becker, Trustee, Appellee, v. Rheinhardt W. Hofsommer, Appellant.

1. BILLS AND NOTES, § 372*—*when variance between note and declaration immaterial.* In an action by a payee against an indorser on a promissory note where a special count in the declaration did not state the place of payment and the note offered in evidence stated a place of payment at the bottom of the note beneath the maker's signature, *held* there was not such a variance between the declaration and the note as to preclude the admission of the note in evidence.

2. BILLS AND NOTES, § 272*—*necessity of demand on maker to charge indorser.* A payee may sue an indorser on a note without first making a demand on the maker where such indorser indorsed the note for his own benefit at the time of its execution and the money which it represented was procured at his request as well as at the request of other indorsers.

3. BILLS AND NOTES, § 92*—*effect of marginal notations.* A marginal notation placed outside the note proper cannot be considered as part of the contract.

4. BILLS AND NOTES, § 342*—*when declaration need not allege defendant's liability as guarantor.* Recovery may be had against an indorser on a promissory note as a guarantor, though the declaration does not allege he was a guarantor where the contract contained in the note was admissible under the common counts and plaintiff was entitled to recover thereunder.

Appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 1, 1914.

JAMES O. MILLER, for appellant.

TURNER & HOLDER, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit in *assumpsit* upon a promissory note, containing a special count upon the note and also the common counts for money had and received. A jury

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

was waived and the case heard by the court upon a plea of general issue. The issues were found for appellee and judgment entered against appellant for $906.25. The special count set forth that the note was executed by Ben A. Gundlach for the sum of $2,240, with interest at the rate of five per cent. per annum from date, was made payable to the order of appellee and was indorsed by appellant under the name and style of R. Hofsommer; that appellant, by his said indorsement, guaranteed the payment of said sum of money and promised the plaintiff to pay the same to him, according to the tenor and effect of said note, if said Gundlach should not so pay the same; that the note was due and payment had been demanded of said Gundlach and he had refused to pay the same or any part thereof and still refuses so to do, of which fact appellant had notice prior to the bringing of the suit. The copy of the note filed with the declaration is as follows:

"2,240.00.                    September 9, 1911.

On demand after date I promise to pay to the order of Joe Becker, Trustee, Twenty-two Hundred and Forty Dollars. For value received negotiable and payable without defalcation or discount and with interest from date at the rate of 5 per cent per annum.

Payable at Belleville, Ill.        BEN A. GUNDLACH.

No. ................. Due demand.

.Endorsed: R. HOFSOMMER."

The note sued on, which was admitted in evidence, had as indorsers the names of six other persons in addition to that of appellant and included among them the name of the signer of the note, Ben A. Gundlach. It also appeared from other indorsements on the note that each of said indorsers, except said Gundlach and appellant, had paid one-seventh of the amount due upon said note, leaving two-sevenths unpaid.

The proofs show that upon the date of the note sued upon, the seven indorsers, together with the maker, also an indorser, were indebted to the First National

Bank of Bellville, Illinois, on a note of $2,000, and had been sued for the same, together with the interest due thereon; that William J. Reichert, one of the indorsers at the request of appellant and the other indorsers, procured the money from appellee to pay off the bank; that Gundlach thereupon made his note to appellee for the necessary sum, $2,240, and the same was indorsed by appellant and the others who had been on the banknote and delivered to appellee. Appellant complains that the court below committed error in admitting the note in evidence on account of a variance between the contract therein stated and the one set up in the special count and also in holding, as appellee claims, appellant was a guarantor instead of an indorser. Appellee in his special count did not state that the note was payable at any particular place, but the note introduced in evidence showed the following notation below and at the left of the maker's name: "Payable at Bellville, Ill. No. . . . . . . . . Due demand," and appellant for this reason insists that there was such a variance between the declaration and the note as to preclude its admission in evidence. He cites, in support of his contention, *Lowe v. Bliss,* 24 Ill. 168, and *Childs v. Laflin, Butler & Co.,* 55 Ill. 156. In those cases, however, the place of payment was stated in the body of the notes, while in the note before us the place of payment is stated in the notation at the bottom of the note and below the signature and is not embodied in the contract. Such a marginal notation placed outside of the note proper cannot be considered as a part of the contract (*Merritt v. Boyden & Son,* 191 Ill. 136); and therefore the omission to state the place of payment in the special count was not a variance.

The evidence also shows conclusively that the note sued on was indorsed by appellant for his own benefit at the time of its execution and that the money which it represented was procured by Reichert at his request as well as at the request of the other indorsers. It was therefore not necessary that demand should have

been made on the maker before suit was brought against appellant. R. S. 1911, ch. 98, par. 98. (J. & A. ¶ 7720).

It is immaterial that the special count charged that appellant was a guarantor of said note as the contract contained in the note was admissible under the common counts and appellee was plainly entitled to recover thereunder. *Clarke v. Newton*, 235 Ill. 530; *Harrison v. Thackaberry*, 248 Ill. 516. The defense in this case is purely technical and as no reason appears which requires the reversal of the judgment appealed from, the same will be affirmed.

*Judgment affirmed.*