L. W. FALES *vs.* HARLAN WILSON AND M. L. WINSLOW.

Androscoggin. · Opinion March 15, 1922:

*A marginal memorandum "and interest" on a note which is in conflict with the note itself, does not constitute a variance, and such note is admissible, it having been declared upon as without interest, as in the body of the note no interest is mentioned.*

In the instant case the only question is, were the words "and interest" a part of the note, a part of the contract, and included in the promise of the maker.

The maker was bound by his promise. He promised to pay one hundred dollars, no more, and no less. The marginal memorandum contradicts the note, contradicts the promise to pay. Which shall govern, the deliberate, signed promise to pay, or a memorandum which may have been made by a person not a party to the note? It is the opinion of the court that the note should govern, and not the marginal memorandum or notation.

On exceptions by defendant. This is an action of assumpsit on a promissory note declared on as without interest. The admission of the note in suit when presented as evidence was objected to by defendant on the ground that it had a marginal memorandum of "and interest" on it, which constituted a variance.

The court overruled the objection and admitted the note, and defendant excepted. Exceptions overruled.

The case is stated in the opinion.

*Fales & Fales*, for plaintiff.

*Frank T. Powers*, for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

HANSON, J. This is an action of assumpsit on a promissory note, and is before the court on exceptions by defendant, M. L. Winslow, endorser, the bankruptcy of Harland Wilson having been suggested on the record. The case was heard by the Justice of the Superior Court for the County of Androscoggin, without a jury.

The declaration is as follows: "In a plea of the case, for that the said defendants at Lewiston on the tenth day of April, A. D. 1921, by their promissory note of that date by them signed, for value received, promised the Lewiston Trust Company to pay it or order the sum of one hundred dollars two months after date at the Lewiston Trust Company, Lewiston, Maine. And the said Lewiston Trust Company thereafterwards, to wit, on the same day, endorsed and delivered the said note to the plaintiff, by reason and in consideration whereof the said defendants became liable and then and there promised the plaintiff to pay him the same sum according to the tenor of said note. And the plaintiff avers that said time of payment has long since elapsed."

The pleadings were the general issue, duly joined.

The plaintiff offered in evidence supporting said declaration a certain promissory note described as follows:

"$100.00 and interest.                   Lewiston, Maine, April 10, 1921. Two months after date I promise to pay to the order of Lewiston Trust Company one hundred dollars at the Lewiston Trust Company, Lewiston, Maine. Value Received. No. 20186A. Signed by Harlan Wilson, and endorsed by M. L. Winslow, waiving demand, notice and protest." Endorsed on the back of said note the following: "Jun. 22, 1921, Int. pd. to June 10, 1921." Also the following endorsement "Without recourse Lewiston Trust Company, By Geo. W. Lane, Jr., Treas."

The defendant seasonably objected to the admission of said note on the grounds that the plaintiff did not declare on a note bearing interest, and that the note offered in evidence was an interest-bearing note, which constituted a variance between the declaration and the proof. The court overruled the objection and admitted the note in evidence, and to the admission thereof the defendant seasonably excepted.

No further evidence was offered by the plaintiff or defendant.

The Justice ordered judgment for the plaintiff in the sum of one hundred ($100.00) dollars and interest from June 10, 1921, to which order the defendant excepted.

The contention of the defendant is that a note bearing interest is not admissible in a suit on a note when the declaration describes a note without interest, and urges that the note declared on is a note for one hundred dollars, while the note offered in evidence is a note

for one hundred and one dollars, and that there is a fatal variance between the declaration and the proof. This is claimed because in the upper left hand corner of the note, after the figures representing one hundred dollars,—thus $100.00, were written the words "and interest." The words are blurred as though an attempt had been made to erase with ink.

The case does not show when the words were placed on the note, or by whom written. Other marginal figures and words have been added to the face of the note, evidently for the convenience of bank officials. The only question is, were the words "and interest" a part of the note, a part of the contract, and included in the promise of the maker? We think they were not. The maker was bound by his promise. He promised to pay one hundred dollars, no more, and no less. Suppose by mistake in this same note the figures in the upper left hand corner had been $90 and interest! Could it be successfully claimed by the maker that he should pay but $90, and interest at maturity? Assuredly not. The same reasoning is good here. The marginal memorandum contradicts the note, contradicts the signed promise to pay. Which shall govern, the deliberate, signed promise to pay, or a memorandum which may have been made by a person not a party to the note? It is the opinion of the court that the note should govern, and not a marginal memorandum or notation, which is not shown to be a part of the note, and included in the actual agreement between the parties. In other words, the note once made cannot be altered without the consent of the maker.

The rule stated in *Alden* v. *Machine Company*, 107 Maine, 510, that a note is to be construed from all that appears within its four corners, does not comprehend the condition existing in the instant case. That rule has its exceptions, as when memoranda were placed outside the note proper. *Becker* v. *Hoffsommer*, 186 Ill. App., 553. As to date of maturity: *Fisk* v. *McNeal*, 23 Neb. 726; 8 Am. St. Rep. 162; *Danforth* v. *Sterman*, 145 N. W. 485; *Dark* v. *Middlebrook*, 45 S. W. 963. Memorandum of amount: *Coolbroth* v. *Purington*, 29 Maine, 469; *Sweetser* v. *French*, 13 Met., 262; See *Nat. Bank Rockville* v. *Soc. Bank of Lafayette*, 69 Ind. 485; *Corgan* v. *Freu*, 39 Ill. 31; *Hollen* v. *Davis*, 59 Iowa, 444. And it will be found that when memoranda were admitted, they did not contradict or add to the provisions of the note, but related to the kind of money payable, the place of payment, extension of time, or change in manner of payment.

*Jones* v. *Fales*, 4 Mass., 252; *Tuckerman* v. *Hartwell*, 3 Maine, 147; *Franklin Savings Inst.* v. *Reed*, 125 Mass., 365; *Heywood* v. *Perrin*, 10 Pick. 228; *Cushing* v. *Field*, 70 Maine, 54. See Negotiable Inst. Law, 1917, Chap. 257, Sec. 17, and note in Crawford on Negotiable Inst. Law, Page 47.

The note in suit as between the original parties was a note for one hundred dollars, and neither the promisor, nor promisee is bound by changes by way of memoranda made without his consent.

' The note was legally admissible as against the original promisor, and the defendant as indorser has no greater right than the maker of the note, and can take nothing by his exceptions.

*Exceptions overruled.*