**ALSWORTH et al. v. DANNELLEY, District Judge. (No. 8467.)**

(Court of Civil Appeals of Texas. San Antonio. July 2, 1923. Rehearing Denied June 29, 1923.)

**Appeal and error ⚷═458(3)—Supersedeas bond not allowed on appeal from order appointing a receiver.**

On appeal, under Rev. St. art. 2079, as amended March 30, 1917 (Laws 1917, c. 168, § 1 [Vernon's Ann. Civ. St. Supp. 1918, art. 2079a]), from an order appointing a receiver, there is no statutory law permitting a supersedeas bond fixing the amount for the clerk to approve, so as to allow the owner to remain in possession.

Original application for an alternative writ of mandamus by C. J. Alsworth and others against John L. Dannelley, District Judge. Denied.

Judge N. A. Rector, of Austin, and Ira O'Meara, of Laredo, for relators.

Hicks, Hicks, Dickson & Bobbitt, of San Antonio, for respondent.

COBBS, J. This is an application to this court for an alternative writ of mandamus to issue to Hon. John L. Dannelley, Judge of the District Court of Webb county, respondent, commanding him to appear and show cause why said writ should not be made final, commanding him at once to fix the amount of the supersedeas bond on appeal offered to be made by the relators, and when given direct the receiver to restore the property. The property was placed in the hands of a receiver, and the court refused to permit relator to give a supersedeas bond and retain custody of the property pending the suit.

The relators gave a cost bond that entitled them to appeal to this court, but the purpose of this motion is to require a supersedeas bond, so as to retain the possession and the custody of the property pending the suit. While this receivership was granted without

notice, any objection on that ground is rendered harmless by the act of relators in their subsequent appearance. A receivership proceeding to take the property of another and administer it through the courts is a harsh remedy and not very much approved, except in proper cases. As such an earnest presentation of this case is made by relator, the importance of the questions involved leads us to put our views in writing. The statute (Rev. St. art. 2079) regulating appeals in receivership cases provides:

"An appeal shall lie from an interlocutory order of the district court appointing a receiver or trustee in any cause: Provided, such appeal be taken within twenty days from the entry of such order. An appeal under such cases shall take precedence in the appellate court; but the proceedings in other respects in the court below shall not be stayed during the pendency of the appeal, unless otherwise ordered by the appellate court."

It will be noticed that the statute only provided for appeals from orders appointing receivers. This statute was amended March 30, 1917 (Laws 1917, c. 168, § 1 [article 2079a, Vernon's Ann. Civ. St. Supp. 1918]), and the only change made was to allow appeals from the order "overruling a motion to vacate an order appointing a receiver or trustee," retaining the provision:

"But the proceedings in other respects in the court shall not be stayed during the pendency of the appeal, unless otherwise ordered by the appellate court."

There is no statutory law for the district judge to allow supersedeas bonds in such cases, fixing the amounts for the clerks to approve so as to allow the owner to remain in possession, that authority grows out of his equitable powers. The only statutory power given to any court to suspend or stay the proceedings in receiverships is given to the Court of Civil Appeals during the pendency of the appeal. That remedy is not sought here.

The motion is denied.