## BAPTIST MISSIONARY AND EDUCATIONAL CONVENTION OF TEXAS v. KNOX et al. (No. 12236.)

Court of Civil Appeals of Texas. Fort Worth. May 11, 1929.

J. E. Whitehead, of Dallas, for relator.

Mike E. Smith and Fred S. Dudley, both of Fort Worth, for respondents.

DUNKLIN, J. On February 2, 1929, in cause No. 82328 in the district court of Tarrant county, Tex., entitled J. E. Knox et al. v. Baptist Missionary and Educational Convention of Texas, the presiding judge thereof appointed William M. McDonald receiver to take charge of the assets of the defendant corporation, conditioned upon his filing a bond as provided by statute in the sum of $10,000. On the same day the receiver qualified as such by giving the bond and oath required, and took charge of the assets of the defendant corporation.

The defendants took no steps to perfect an appeal from that order within twenty days from its date, as required by article 2250, Rev. Civ. St. 1925. The receivership so created in said cause was ancillary to a suit by the plaintiff against the defendant to recover a money judgment and foreclose a lien alleged to be given to secure the same.

On March 2, 1928, the defendant in that suit filed a motion therein to vacate the order appointing the receiver, which motion was overruled. Thereupon the defendant prosecuted an appeal to this court, in which complaint is made of the order appointing the receiver and also of the further order refusing to vacate the receivership.

Upon application of the appellant, the clerk of the trial court fixed the amount of a supersedeas bond to suspend the order appointing the receiver, the amount so fixed being $600, which was double the amount which the clerk estimated to be the costs to be incurred on the appeal. The bond so fixed by the clerk was duly executed by the appellant and approved by the clerk, and, upon application of appellant, the clerk issued a supersedeas bond which in terms suspended the order appointing the receiver. The receiver refused to obey the mandate of the writ so issued, and his refusal was sustained by the trial judge upon appellant's complaint thereof.

Pending the appeal from the order refusing to vacate the receivership which is now pending in this court, the appellant has applied for an order of this court requiring the receiver to respect the writ of supersedeas above mentioned, and to turn over to appellant all of the assets taken in charge by him under said appointment. The relief so prayed for is based upon the contention made that appellant had a right to supersede the order appointing the receiver, and that the clerk had jurisdiction to fix the amount of the supersedeas bond. The appeal to this court from the order refusing to vacate the receivership could not be superseded, because there is nothing in it to supersede; it being simply a refusal to vacate the order appointing the receiver. Blankenship v. Little Motor Kar Co. (Tex. Civ. App.) 224 S. W. 210.

If the appeal be construed as also an appeal from the order appointing the receiver, then it came too late, because not taken within 20 days from the date of that order, as provided in article 2250, Rev. St. 1925.

Furthermore, the clerk of the district court had no authority to fix the amount of the supersedeas bond, having the effect of suspending the order appointing the receiver or an order overruling the motion to vacate the appointment of a receiver. Alsworth v. Dannelley (Tex. Civ. App.) 253 S. W. 697; Waters-

Pierce Oil Co. v. State, 107 Tex. 1, 106 S. W. 329.

The amount of the supersedeas bond to stay the order appointing the receiver must be fixed by the judge of the trial court making the appointment and not by the clerk of the court. Hill v. Halliburton, 32 Tex. Civ. App. 21, 73 S. W. 21; Lawler v. Wray (Tex. Civ. App.) 8 S.W.(2d) 524.

Accordingly, the application of appellant for an order of this court requiring the receiver to turn over to it all the assets that have come into his hands as such, by reason of the filing of the purported supersedeas bond so fixed by the clerk of the district court and of the issuance of the supersedeas writ thereunder, is denied.