### HUTH v. HUTH et al.

#### No. 10163.

Court of Civil Appeals of Texas. San Antonio.

Nov. 3, 1937.

Rehearing Denied Dec. 15, 1937.

John C. Wall, of San Antonio, for appellant.

Perry S. Robertson, M. D. Jones, and W. Pat Camp, all of San Antonio, for appellees.

MURRAY, Justice.

This suit was instituted in the Seventy Third district court of Bexar county by William Ferdinand Huth and Karl August Huth, complaining of Theodor George Huth, individually and as independent executor of the last will and estate of Mrs. Dorette Heuermann Huth, deceased; seeking to have said Theodor George Huth removed as such independent executor; to recover judgment against him for the principal and interest due on several promissory notes signed by him and his wife, Elena Taaffe Huth, and payable to the order of his deceased mother, Mrs. Dorette Heuermann Huth; and also to recover a certain so-called ironclad warehouse building, together with the land upon which the warehouse stands. They further sought to have a receiver appointed to take charge of the property belonging to the estate of their deceased mother, Mrs. Dorette Heuermann Huth.

It was alleged that Theodor George Huth, as such independent executor, had failed to include this ironclad warehouse and the said promissory notes in his inventory, appraisement, and list of claims, and was claiming the same as his own. The trial court, after a hearing, on the 16th day of June, 1936, appointed W. P. Camp, of Bexar county, receiver to take charge of the property belonging to the estate of Mrs. Huth, deceased. Theodor George Huth gave notice of appeal from this interlocutory order, but did not perfect such appeal within the twenty days prescribed by article 2250, R.C.S.1925.

Thereafter, on October 14, 1936, C. A. Goeth intervened in said suit, seeking to recover upon a promissory note for the principal sum of $1,000, signed by Dorette Huth and secured by a deed of trust lien upon certain real estate. Intervener C. A. Goeth was given judgment for the amount of this note, and the validity of his lien established. No question is raised as to this phase of the judgment.

A hearing was had upon the 13th day of November, 1936, before the judge, without the intervention of a jury, and thereafter, on the 14th day of November, 1936, leave was granted W. P. Camp, receiver, to intervene in the cause, the said receiver seeking to recover, for the benefit of the estate, the property described in the petition filed by William Ferdinand Huth and Karl August Huth, including the amount of principal and interest due on the notes which were also described in plaintiffs' petition. At the conclusion of the evidence the trial judge entered judgment permitting a recovery by W. P. Camp, as receiver, of $8,623.44, being the amount of principal and interest due by Theodor George Huth and wife on the notes sued on, and further permitting a recovery by W. P. Camp, as receiver, and for the benefit of the estate of Mrs. Dorette Heuermann Huth, deceased, the title and possession of the ironclad warehouse.

From this final judgment Theodor George Huth has prosecuted an appeal to this court.

■ As heretofore stated, no appeal was taken from the interlocutory order entered on June 24, 1936, within the twenty days allowed by article 2250, R.C.S.1925, and hence we are not here called upon to review the court's action in this regard. 36 Tex.Jur. p. 140, 141; Leach v. Leach (Tex. Civ.App.) 223 S.W. 287; Texas Rubber Co. v. Wilson (Tex.Civ.App.) 137 S.W. 710 (writ refused); Baptist Missionary, etc., v. Knox (Tex.Civ.App.) 19 S.W.2d 456; Perry v. State (Tex.Civ.App.) 72 S.W.2d 921; Moore v. Cobe (Tex.Civ.App.) 156 S.W. 1142 (writ refused); Amason v. Harrigan (Tex.Civ.App.) 288 S.W. 566; Lloyds of Texas v. Bobbitt (Tex.Civ.App.) 40 S.W.2d 897.

■ However, it is necessary for us to consider whether or not Camp's appointment as a receiver was void because the judgment rendered on November 14, 1936, and entered of record on December 1, 1936, is in favor of the receiver; and if his appointment was void this would affect the judgment. Appellant contends that the district court was without jurisdiction to appoint a receiver in this case to take charge of property in the hands of an independent executor. We overrule this contention. This suit was primarily a suit to recover certain property from Theodor George Huth, as independent executor of the estate of Mrs. Dorette Heuermann Huth, deceased, it being alleged that the property was the property of the estate, but that the executor was claiming it as his own and had not listed it in the inventory, appraisement, and list of claims filed by him. It was also alleged that the executor had not listed certain promissory notes owed by him and his wife to the estate.

The district court was the proper court in which to institute a suit of this nature, and such court thus acquiring jurisdiction had jurisdiction to appoint a receiver to take charge of such property and preserve the subject-matter of the suit. Griggs v. Brewster, 122 Tex. 588, 62 S.W.2d 980, 985; Richardson v. McCloskey (Tex.Civ.App.) 228 S.W. 323 (writ dismissed). In this connection, we do not wish to be understood as holding that the district court would have original jurisdiction to remove an independent executor appointed by the probate court. This would have to be done in the manner prescribed by statute. Article 3438–3441, R.C.S.1925; Pierce v. Pierce (Tex.Com.App.) 235 S. W. 557; McCanless v. Clough (Tex.Civ. App.) 298 S.W. 643; Hocker v. Stevens (Tex.Civ.App.) 42 S.W.2d 473.

■ Appellant's next contention is that the notes sued on herein were not due until 1938. The notes were demand notes, but each had a notation in the lower left-hand corner showing each note to be due at various dates in 1938. These notations

which were at variance with the provisions in the body of the notes can be given no effect, but the plain provisions contained in the body of the notes must govern and fix their due dates. 8 Corpus Juris, p. 193; Danforth v. Sterman, 165 Iowa 323, 145 N.W. 485; Fisk v. McNeal, 23 Neb. 726, 37 N.W. 616, 8 Am.St.Rep. 162; Dark v. Middlebrook (Tex.Civ.App.) 45 S.W. 963; Reed v. Watson (Tex.Civ.App.) 262 S.W. 178.

Finding no error in the judgment appealed from, the same will be in all things affirmed.