Joe Ray BLALACK, Co-Independent Execu-
tor of the Estate of Joe Blalack,
Deceased, Appellant,

v.

Billie BLALACK, Appellee.

No. 7857.

Court of Civil Appeals of Texas.

Texarkana.

Jan. 9, 1968.

See also Tex.Civ.App., 419 S.W.2d 255.

Gerald H. Fortney, Houston, for appellant.

Earl Sharp, Longview, for appellee.

CHADICK, Chief Justice.

In a receivership proceeding ancillary to a suit for construction of a will as well as for other relief, the District Court of Gregg County appointed a receiver for the assets and property of the Estate of Joe

Blalack, Deceased, while an independent administration of the estate was in progress. An appeal from the trial court's order was perfected. The judgment of the trial court is affirmed.

In his probated will, the decedent, Joe Blalack, appointed his son, Joe Ray Blalack, Independent Executor, and his surviving wife, Billie Blalack, Independent Executrix of the will. The section of that instrument pertaining to the questions raised in this appeal is as follows:

"4. I appoint and constitute Joe Ray Blalack independent executor and Billie Blalack independent executrix of my will, and ask that no bond be required of them, and that no other action shall be had in the county court in relation to the settlement of said estate than the probating and recording of this, my will, and the return of the statutory inventory, appraisement and list of claims of said estate, and of all claims due or owing by me at the time of my death. The above named persons are to act jointly and no decision is to be made with reference to my property unless they be in agreement on the steps to be taken. If during the process of administering my estate, the above named executor or executrix would die, or refuse to serve, I hereby appoint the First State Bank of Gladewater, Texas, joint executor."

The suit for construction of the will (and other relief) was instituted in the District Court of Gregg County by Mrs. Billie Blalack in her individual capacity as plaintiff against Joe Ray Blalack as defendant both in his individual capacity and as Co-Independent Executor of the Estate of Joe Blalack, Deceased.

The appellant first point of error is as follows, to-wit:

"The trial court erred in rendering judgment for appellee in that the district court has no jurisdiction to appoint a receiver in a decedent's estate where there are duly qualified and acting representatives appointed by the county court and there is a necessity for administration."

It is conceded on all sides that a necessity for an administration of the estate existed at the time the receivership order was entered in the district court. A county court has original general jurisdiction to probate wills, grant letters testamentary and of administration, settle accounts of executors, and to transact all business appertaining to deceased persons, including the settlement, partition and distribution of the assets of decedents' estates. Vernon's Ann.St.Tex.Const. art. V, Sec. 16. The district court of a county has appellate jurisdiction to exercise general control over the county court in the instances mentioned. Tex.Const. art. V, Sec. 8. The county court's original jurisdiction is exclusive in nature, and may be superceded only when controversies arise in the administration of an estate presenting issues for settlement, such as the construction of a will, which the county court is not jurisdictionally competent to decide; under such exceptional circumstances the district court may exercise its general equity jurisdiction to resolve such issues. Griggs v. Brewster, 122 Tex. 588, 62 S.W.2d 980 (1933); Ferguson v. Ferguson, 66 S.W.2d 755 (Tex. Civ.App., Eastland 1933, no writ); 49 Tex. Jur.2d Receivers Sec. 31 (1963). The first mentioned case specifically held the district court had jurisdiction to construe a will while an independent administration of an estate was pending in county court. An action for construction of Joe Blalack's will is incorporated in Mrs. Blalack's pleading in her suit in district court. The district court, under the authorities last cited, had jurisdiction to make an adjudication. The appellant's first point of error is overruled.

Mrs. Blalack's first amended original petition stated that the acts and conduct of Joe Ray Blalack alleged in her original petition constituted a refusal to serve as Co-Independent Executor of the Will of Joe Blalack, Deceased, within the meaning

of the last sentence of Section 4 of the will (the section quoted above). Appellant's brief does not challenge the sufficiency of Mrs. Blalack's district court pleadings to state an action to construe a will, but by Points of Error 2 and 3 raise the issues that on the face of the record there was no necessity for the appointment of a receiver and that appointment of a receiver was error because Mrs. Blalack otherwise had an adequate remedy at law.

■ With reference to Point of Error Number 2, that on the face of the record there was no necessity for the appointment of a receiver, the appellant cites no authority, but makes the following argument, to-wit:

"The undisputed evidence offered by Appellee on the hearing on January 5, 1967, was to the effect that there were debts and that certain properties of the Estate needed to be sold (S.F., page 3) and urged the necessity of appointment of a receiver. In this connection, Appellant would simply point out that the order appointing the receiver was not entered until March 28, 1967, more than two and one-half months from the time Appellee proceeded upon her petition, and even more conclusive is the fact that to the date of the signing of this brief, no receiver has been qualified under such order. It is certainly inconceivable that if any urgent necessity for a receivership had ever existed in this matter, Appellee would certainly have seen that the appointee was qualified or upon his refusal to act, would certainly have insisted that the Court make a substitute appointment. Appellant strongly urges that the record herein conclusively shows a total lack of the necessity required for the appointment of a receiver."

In overruling the point, it may be remarked that of necessity the trial judge's ruling was based upon pleadings and proof of events and occurrences prior to the hearing. Review of the trial court's action is based upon the record made in the receiver-

ship hearing. Cotton v. Rand, 92 S.W. 266 (Tex.Civ.App.—San Antonio 1906, writ dism'd w. o. j.); 49 Tex.Jur.2d Receivers Sec. 78 (1963).

■ The last point, that "the trial court erred in appointing a receiver herein for the reason that the appellee had an adequate remedy at law", is supported in appellant's brief by the statement and argument quoted below, to-wit:

"Appellant would show that Appellee not only had an adequate remedy at law other than the appointment of a receiver, but that she has pursued such remedy. Reference is made to Cause No. 7855 pending before this Honorable Court. Such cause is an appeal from an order of the 71st District Court entered on the same day as the order herein, which order dismissed an appeal from an order of the County Court dated February 16, 1967 in Cause No. 8347 styled the Estate of Joe Blalack. The County Court order referred to was an order requiring both Appellant and Appellee to give bond under the provisions of Article 149 of the Probate Court. Said order was entered upon opposing motions of Appellant and Appellee. Reference to the record in Cause No. 7855 and the record herein will show that Appellee first filed suit in the District Court for the appointment of a receiver and proceeded to trial on such application on January 5, 1967, and subsequently, but before the District Court had made its ruling upon such application and the evidence offered, filed a motion in the County Court under Article 149 of the Probate Code and caused an order to be entered thereunder prior to any action on the part of the District Court. Appellant appealed the County Court order to the District Court and same was dismissed for want of jurisdiction by said Court on the same day the District Court entered the order appealed from in this cause, the appeal from such order being pending in the aforementioned Cause No. 7855 in this Court. Appellant would show that it is

clear from the courses of action taken by Appellee that she knew the District Court had no jurisdiction for the appointment of a receiver and knew that the proper remedy was that provided by Article 149 of the Probate Code, such procedures being not only an adequate remedy, but the only proper remedy herein."

The Point of Error, Number 3, must be overruled for reasons now to be discussed.

The financial position of the Estate of Joe Blalack, Deceased, as it appeared in an inventory, appraisement and list of claims filed in the county court and made a part of the record in the district court, is as follows:

"SUMMARY OF ASSETS AND LIABILITIES

ASSETS:

REAL PROPERTY:

| | |
|---|---:|
| Separate Property | $ 164.06 |
| Community Property | |
|     Real Estate | 99,160.00 |
| Producing Leases | 184,377.24 |
| Alsup Lease | 345.00 |

PERSONAL PROPERTY:

| | |
|---|---:|
| Autos and Trucks | 21,325.00 |
| Community of Decedent and Spouse | 14,010.00 |
| Life Insurance | 50,000.00 |
| Cash on hand and in banks | 210,381.37 |
| | $580,012.67 |

| | |
|---|---:|
| LIABILITIES: (list of claims) | |
|   Notes Payable | 336,089.05 |
|   Accounts Payable | 22,807.61 |
|   Taxes Payable | 1,955.50 |
|   Accounts Payable—Blalack & Walter | 1,156.08 |
|   Loan Payable—Joe Blalack Special | |
|     (Royalty Acct.) | 15,177.17 |
| Additional Liabilities | |
|   Claim of Evelyn D. Watters, | |
|     $350.00 per month for life | |
| Additional Liabilities—Disputed | |
|   J. Cleo Thompson—Disputed Account | 869.29 |
|   Guaranteed Oil Payments—C. C. Brown et | |
|     al.—Calhoun County properties | 51,173.45 |
|   W. R. Walter—Amount undetermined from | |
|     partnership of Blalack & Walter | 89,066.78 |
| | $377,185.39 |

(There may be other claims pending such as the suit of Mr. Berube against the Berube property.)"

Evidence was presented in the receivership hearing from which the trial judge might conclude that the two joint legal representatives of the decedent's estate had not been able to agree upon any important managerial decision affecting the estate for a period of several months prior to the hearing. Production of oil and gas from estate owned property by a long-time employee was condoned rather than agreed to by the joint legal representatives. Thousands of dollars of the indebtedness represented by notes payable had matured and demand for payment had been made. The joint legal representatives were unable to agree to use a part or all of available funds or liquidate assets to pay indebtedness or agree upon any course of action that would avert foreclosure of liens attaching to estate property. The stalemate in management caused the loss of trade discounts. The impasse was eroding the estate and subjecting its assets to the threat and danger of loss at a distress sale and ultimately the estate to bankruptcy.

The remedy the appellant suggests as being available to Mrs. Blalack, that is, action authorized by Tex.Prob.Code Ann. § 149, V.A.T.S. (1956) would not adequately protect the Estate of Mrs. Blalack's interest in it. Protection of the Estate's assets required immediate action by its management. A motion in the county court to require Joe Ray Blalack to make a bond or be discharged as an Independent Executor would not prove expeditious, regardless of the course it took, nor furnish immediate management and protection of the assets of the Estate. If Joe Ray Blalack was not required by the County Court to make a bond, or if he was and did so, the stalemate would not be relieved. If he was so required and failed to do so under the law, a time interval would necessarily elapse which might be extended for an indefinite length by court action. The record shows the district court was confronted with a situation which required the immediate appointment of a receiver to take charge of and protect the assets of the estate and the interest of Mrs. Blalack. The trial judge is not shown to have abused his discretion. Griggs v. Brewster, supra. See also 49 Tex.Jur.2d Receivers Sec. 31 (1963) where it is said:

> "Although the authority of a personal representative will not generally be displaced by the appointment of a receiver, a receiver may be appointed for property in possession of an executor or administrator where necessary to protect the Estate."

The judgment of the trial court is affirmed.