Robert Carl METTING, III, Appellant,

v.

Robert Carl METTING, Jr., Appellee.

No. 14681.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 18, 1968.

Jack B. Sims, San Antonio, for appellant.

Carter, Callender, Onion & Branton, San Antonio, for appellee.

CADENA, Justice.

Plaintiff, Robert Carl Metting, III, complains of the action of the trial court in overruling his motion for summary judg-

ment and dismissing his suit seeking the appointment of a receiver to assume control of so much of the estate of Bertha Metting, deceased, now in the hands of defendant, Robert Carl Metting, Jr., independent executor under Mrs. Metting's will, as may be required to be sold in order to pay estate taxes owing to the United States.

The will of Bertha Metting, insofar as relevant to the disposition of this appeal, devised certain real property to plaintiff. Paragraph 8 of the will provided that the residue of the estate, after the payment of inheritance taxes, debts, expenses of testatrix's last illness and funeral, and the cost of administration, should pass to defendant, the independent executor. According to the inventory and appraisement filed by defendant, the estate consisted of real property having a value of $94,500.00, and $15,508.37 in personal property, including $5,956.00 on deposit in banks and the proceeds of a $300.00 insurance policy. The value of the real property devised to plaintiff was shown as $28,500.00. The remainder of the real property, valued at $66,000.00, and all of the personal property, with the exception of a diamond ring, two fur pieces and two pictures, passed to defendant under the residuary clause. The inventory and appraisement listed claims owing by the estate, exclusive of inheritance and estate taxes, in the amount of $2,227.60.

Plaintiff, asserting that under the terms of the Metting will all debts and expenses, including estate taxes, were to be paid out of the residuary estate, alleged that defendant had failed to pay such taxes and that, as a result of such failure, the Metting estate, including the lands devised to plaintiff, were encumbered by a lien. Plaintiff further alleged that, because of the existence of the tax lien, he had been unable to dispose of any part of the realty devised to him.

After defendant had filed a general denial, plaintiff moved for summary judgment. Defendant, in opposition to the motion for summary judgment, contended that there was a material fact issue as to whether defendant had had sufficient time, as independent executor, to take the steps necessary in order to pay the estate taxes. In his affidavit opposing the motion for summary judgment, defendant stated that his failure to pay the taxes was due to the fact that plaintiff had refused to consent to a sale of part of the land devised to plaintiff.

Prior to the time the motion for summary judgment was heard, defendant filed an instrument designated "Plea in Abatement —Plea to the Jurisdiction," in which he asked that plaintiff's suit be dismissed, since the independent administration of the estate had not been closed, and plaintiff had sought no relief in the probate court.

The order appealed from recites that on the date specified therein plaintiff's motion for summary judgment was heard and that it was overruled. Without mentioning the plea in abatement, the order then dismisses plaintiff's suit in order "to permit Plaintiff to pursue further remedies in the Probate Court * * *." Clearly, the dismissal is based on the assumption that adequate relief is available to plaintiff in the probate court.

In matters relating to the settlement of an estate, such as questions relating to the sale of assets for the purpose of paying debts, the probate court has no control over independent executors except as expressly provided by law. V.A.T.S. Probate Code, §§ 3(aa), as amended in 1957, and 145; Roy v. Whitaker, 92 Tex. 346, 48 S.W. 892 (1898), modified on rehearing, 92 Tex. 357, 49 S.W. 367 (1899). Under the Code, the power of the probate court to remove an independent executor is limited to those situations where the executor has failed to give bond when ordered to do so. Bell v. Still, 403 S.W.2d 353 (Tex. Sup. 1966).

Action in the probate court under Sec. 149 of the Code, looking to the giving of security and subsequent removal in case

of failure to do so, would not adequately protect plaintiff. Such procedure, regardless of the course it took, would not prove expeditious, nor would it furnish immediate protection of the assets of the estate. If defendant was not required to give bond, or if he was ordered to do so and complied, the stalemate would continue. "If he was so required and failed to do so * * *, a time interval would necessarily elapse which might be extended for an indefinite length by court action." Blalack v. Blalack, 424 S.W.2d 646, 650 (Tex.Civ.App.—Texarkana 1968, no writ). The inadequacy of relief under Sec. 149 is even more apparent where, as here, plaintiff is seeking to protect his interest in land. Traditionally, in our system of law, the payment of money is not an adequate substitute for land.

In view of the insufficient protection available in the probate court, plaintiff properly petitioned the district court for relief. "The provisions of the Constitution confer upon the district court equity jurisdiction in as broad terms as is conferred probate jurisdiction on the county court. When it appears by the pleadings and the proof that the suit involves controversies and issues between the parties for which the probate jurisdiction of the county court is inadequate to grant the relief sought, then the district court has jurisdiction, and may grant the necessary relief." Griggs v. Brewster, 122 Tex. 588, 62 S.W.2d 980, 985 (1933).

■ Judgments of district courts appointing receivers to assume management and control of estates in the process of independent administration have been upheld in First State Bank of Bellevue v. Gaines, 121 Tex. 559, 50 S.W.2d 774 (1932); Griggs v. Brewster, supra; Stanley v. Henderson, 139 Tex. 160, 162 S.W.2d 95 (1942); Huth v. Huth, 110 S.W.2d 1011 (Tex.Civ. App.—San Antonio 1937, writ dism'd); O'Connor v. O'Connor, 320 S.W.2d 384 (Tex.Civ.App.—Dallas 1959, writ dism'd); and Blalack v. Blalack, supra.

Defendant insists that the district court is without power to appoint a receiver to take control of an estate which is in the hands of an independent executor, arguing that under the Probate Code, the only provision for removal of such an executor permits removal only for failure to give bond when ordered to do so. It has been persuasively argued that the appointment of a receiver is equivalent to the removal, at least temporarily, of the executor, since such appointment necessarily divests the executor of the power to manage and control all or a portion of the estate.[1] We have found no definitive holding by a Texas court relating to the power of a district court to remove an independent executor. There is dictum by this Court in Huth v. Huth, supra, indicating that, unless statutory provisions, substantially similar to those found in the Code, relating to refusal of the executor to give bond,[2] are complied with, a district court may not remove an independent executor. 110 S.W.2d at 1012. On the other hand, in Freeman v. Banks, 91 S.W.2d 1078, 1080 (Tex.Civ.App.—Fort Worth 1936, writ ref'd), it was said that a district court has original jurisdiction to remove an independent executor. In any event, discussion of whether appointment of a receiver is tantamount to removal of the executor would serve no useful purpose. It is well settled that a district court has power to appoint a receiver of an estate which is in the process of independent administration. In most cases, no practical consequences would result from a recital that the independent executor is removed. As said in O'Connor v. O'Connor, supra, the appointment of a receiver gives full relief, so language of removal would be "duplicative and unnecessary." 320 S.W.2d at 391.

■ The record relating to the summary judgment proceedings is insufficient, in

---

1. Woodward, Developments in the Law of Independent Administrations, 37 Tex.L. Rev. 828, 840–841.

2. Articles 3438–3441, 3446, Vernon's Ann. Civ.St. (1948).

our opinion, to establish, as a matter of law, the necessity for an appointment of a receiver. Therefore, the trial court did not err in overruling plaintiff's motion for summary judgment.

The judgment of the trial court dismissing plaintiff's suit is reversed and the cause is remanded for further proceedings.