### S. P. BUCKLER v. S. B. TURBEVILLE

Delivered October 16, 1897.

**1. Contested Election Case—Writ of Error Not Allowed.**

A statutory proceeding to contest an election is not a "civil case," coming within the meaning of articles 1383 et seq. of the Revised Statutes of 1895, authorizing writs of error to be prosecuted from judgments rendered in civil cases.

**2. Same—Statute Construed.**

A proceeding by writ of error is not embraced in article 1804h of the Revised Statutes, providing for an "appeal" in contested election cases.

ERROR from Delta. Tried below before Hon. HOWARD TEMPLETON.

*L. L. Wood, Ed. H. Bennett,* and *James Patterson,* for motion of defendant in error to dismiss.—There is no jurisdiction in this court to revise the judgment of the District Court on writ of error after the time allowed for an appeal, an appeal being the only mode of invoking the appellate jurisdiction of this court in contested election proceedings under the statute. Rev. Stats., arts. 1802, 1804f, 1804h, 1804i; Livingstone v. State, 70 Texas, 593; Rev. Stats., arts. 4343, 4346; White v. Rowlett, 34 S. W. Rep., 151; Fontaine v. State, 69 Texas, 510; Williamson v. Lane, 52 Texas, 335; Rogers v. Johns, 42 Texas, 339; Wright v. Fawcett, 42 Texas, 203; Rev. Stats., arts. 1383, 1387, 1389; Const. of Texas, art. 5, sec. 6; 66 Texas, 228; 6 Am. and Eng. Encyc. of Law, 413; McCrary on Elections, secs. 396, 407, 408, 419, 421; Wall v. Thode, 75 Ill., 173.

*Banister & Sharp, Hazlewood & Smith,* and *Perkins, Gilbert & Perkins,* contra.—Either the contestant or contestee may appeal from the judgment of the District Court to the Court of Civil Appeals, under the same rules and regulations as are provided for appeals in civil cases. Bringing the case up by writ of error is only one of the modes of appeal. Rev. Stats., arts. 1804h, 1383-1386; Moore v. Harris, 1 Texas, 40; Republic v. Smith, Dall., 408; Luckett v. Townsend, 3 Texas, 119; Andrews v. Andrews, Dall., 428; Magee v. Chadoin, 44 Texas, 493; Const., art. 5, sec. 7, as amended in 1891; Railway v. Jackson, 85 Texas, 607.

FINLEY, CHIEF JUSTICE.—The motion to dismiss the writ of error sued out in this proceeding is based upon the proposition, in part, that the proceedings of the trial court could only be reviewed in this

court by means of an appeal; that the writ of error does not obtain in a trial of this character. This is a contested election proceeding,.and the writ of error seeks to have us revise a judgment of the District Court of Delta County rendered in such contest. The contest is over the office of sheriff of Delta County, each of the parties to the contest claiming that he was elected to the office by the people on the 3d day of November, 1896.

It appears from the record that in November, 1896, S. P. Buckler was awarded the certificate of election by competent authority, and duly qualified as sheriff of Delta County. S. B. Turbeville, who was the opposing candidate at the election, contested the election in the District Court of Delta County, under our statute providing for the contest of elections, which was tried by said court and resulted in a judgment or decree of said court, rendered April 3, 1897, declaring the election for sheriff void, and directing the county judge of the county to order a new election to fill said office. No appeal was taken from this decision, and on April 6, 1897, after the adjournment of the court for the term, the county judge ordered the election in obedience to the judgment, to take place May 1, 1897. The election was held upon said date, both of the contesting parties being candidates at said election, and May 10, 1897, S. B. Turbeville was declared elected, and awarded the certificate of election by the Commissioners Court, and he duly qualified as sheriff of the county.

On May 11, following, S. P. Buckler sued out this writ of error from said judgment of the District Court, declaring the former election void, and directing the holding of the new one; and the question is, does the law authorize the revision of such judgment by this court under writ of error procedure?

It is quite clear that the general statute—Revised Statutes, article 1383, et seq., authorizing an appeal or writ of error to be taken to this court from every final judgment of the District Court in *civil cases*—can not be regarded as the source of authority for the prosecution of a writ of error from a judgment rendered in a contested election case. It has been repeatedly held by our Supreme Court that a contested election proceeding under statute is not a civil case, and is not embraced within the scope of subjects of jurisdiction ordinarily conferred upon judicial tribunals. It has been held to partake of a political nature, not a matter for judicial determination, and that constitutional courts would not be authorized to exercise jurisdiction over such a controversy in the absence of express authority in the Constitution. Williamson v. Lane, 52 Texas, 335; Wright v. Fawcett, 42 Texas, 203; Rogers v. Johns, 42 Texas, 339; State v. De Gress, 53 Texas, 339; Seay v. Hunt, 55 Texas, 558; Ex Parte Whitlow, 59 Texas, 274; Gibson v. Templeton, 62 Texas, 555; State v. Owens, 63 Texas, 265; State v. De Gress, 72 Texas, 246.

Until September, 1891, when our present Constitution was amended, it contained no express provision in relation to the contest of elections. Our amended Constitution expressly gives jurisdiction to the District Court "of contested elections." Const., art. 5, sec. 8.

In the creation of this court the Constitution does not mention contested elections as one of the subjects of its jurisdiction. But after setting forth subjects of its jurisdiction, it is provided that it "shall have such other jurisdiction, original or appellate, as may be prescribed by law." Under authority of this general jurisdictional clause, the Legislature provided for an appeal in contested elections to this court. Rev. Stats., art. 1804h, and art. 996, sec. 4. There is no question, therefore, of constitutional jurisdiction, either as to the trial court or this court. The problem for solution is the construction of said article 1804h, and the determination of the question whether a writ of error can be prosecuted under it.

The principles heretofore considered are valuable and pertinent to this inquiry, for the reason that they lead to the conclusion that the subject of contested elections, being a matter of special cognizance and express provision in our Constitution and statutes, and not embraced in general provisions relating to civil controversies, we must determine the question before us from the special provisions relating to that subject.

The Constitution contains no provision relating to the subject of appeal or writ of error in contested election proceedings. The only constitutional provision touching the matter of contested elections is to be found in article 5, section 8, where original jurisdiction is expressly given to the District Court. The only authority to be found for a revision of the trial proceedings in a contested election is embraced in this provision of our statutes: "Either the contestant or contestee may appeal from the judgment of the District Court to the Court of Civil Appeals, under the same rules and regulations as are provided for appeals in civil cases, and such cases shall have precedence in the Court of Civil Appeals over all other cases." Art. 1804h, Revised Statutes.

It will be seen that this provision authorizes an *appeal* under the same rules as are provided for *appeals* in civil cases. It is contended by counsel opposing the motion that this language should be construed to embrace proceedings by writ of error. It is insisted that under our system and practice the terms appeal and writ of error are to be treated as meaning the same thing, and, therefore, wherever the statute authorizes an appeal, it should be held to give also the right to writ of error.

By reference to chapter 19, Revised Statutes, under the head of "Appeal and Writ of Error," it will be found that the statute provides that "an appeal or *writ of error*" may be taken in civil cases. Art. 1383. The appeal must be taken during the term of court at which the judgment is rendered; notice of such appeal must be given in open court within two days after final judgment, or two days after the motion for new trial is overruled. The appeal bond is required to be filed within twenty days after the expiration of the term at which the judgment was rendered; if the term may by law continue more than eight weeks, then the bond must be filed within twenty days after the notice of appeal is given. Art. 1387. The party taking the appeal is called the "appellant," the adverse party is called the "appellee." Art. 1384.

The writ of error may be sued out at any time within twelve months after the judgment is rendered. Art. 1389. The method is by filing petition and bond with the clerk of the court, and having citation issued and served upon the adverse party. Arts. 1385 to 1395. The party suing out the writ is called the "plaintiff in error," and the adverse party is called the "defendant in error." Art. 1385. These provisions relate to appeals and writs of error in civil cases generally, and it is clearly manifest that there are provided two separate, distinct, and materially different methods for obtaining the revision, by appellate courts, of judgments rendered by trial courts of original jurisdiction. It is true that the party desiring that the judgment of the trial court in civil cases shall be revised has the option of adopting the method of appeal or that of writ of error to bring the case into the appellate court; either means will accomplish the end, but they are separate and distinct, and must not be confounded. The terms "appeal" and "writ of error," as used in the statutes covering appeals in civil cases generally, obviously mean different proceedings, and it would seem that another article of the statute which relates to a special proceeding, and provides only for an *appeal* therein, should not be construed as embracing the right to writ of error. We think the language of the statutory provision allowing the appeal requires this construction, and to hold otherwise would overthrow its plain import. But we need not rest our decision wholly upon the language used in the statute. We think it clearly appears that it was the intention of our lawmakers that controversies over elections should be speedily terminated, and for this reason the writ of error was not provided as the means of revising trials in contested elections. Precedence is given such cases over all other business in the trial court. Art. 1802. When an appeal is taken, the clerk is required, without delay, to make up and send the transcript to the Court of Civil Appeals. Art. 1804i. The Court of Civil Appeals is required to give the appeal precedence over all other business. Art. 1804h. Why make all these provisions to secure a hasty termination of the controversy, and at the same time give twelve months in which to carry the case up by writ of error?

Our Supreme Court, in discussing the quo warranto statute on motion to file transcript on writ of error proceeding, through Mr. Stayton, Chief Justice, said: "The statute regulating proceedings by quo warranto provides, 'that in cases of appeal to the Supreme Court, to which either party shall be entitled, the said court shall give preference to such case, and hear and determine the same at the earliest day practicable, and all such appeals shall be presented to the term of the court in session at either branch, or the first term to be held if not in session, after judgment has been rendered in the district court.' Gen. Laws 1897, Special Session, p. 43. The third section of the act evidences an intention on the part of the Legislature that this character of action shall be speedily disposed of in the district courts.

"The fourth, a part of which we have quoted, only provides for an appeal, and requires this to be prosecuted with greater celerity than are

other appeals. The reason for this is manifest, and the purpose to be accomplished through such proceeding could be entirely defeated, in some cases, by the delays which might be obtained through a writ of error, which may be sued out at any time within two years after the rendition of the judgment. The Legislature having provided a mode and time within which such cases may be brought before this court for revision, we are of the opinion that it was not intended that they might be raised on writ of error.

"The judgment of the district court became a finality when, without excuse for the delay, the plaintiff in error failed to prosecute his appeal within proper time.

"The motion to file the transcript must therefore be refused, and it will be the duty of the officers charged with execution of the judgment of the district court to see that it is done." Livingston v. State, 70 Texas, 393.

Our attention is also directed to the case of Hall v. Thode, 75 Illinois, 173. The Constitution of Illinois in force when this case arose provided for an appeal and also a writ of error from final determinations of the county courts. The Revised Statutes of said State, under the title of "Elections," section 123, chapter 46, and which governed the case of Hall v. Thode, read as follows: "In all cases of contested elections in the circuit courts or county courts, appeal may be taken to the Supreme Court in the same manner and upon the like conditions as is provided by law for taking appeals in cases of chancery from the circuit courts."

The case of Hall v. Thode was a contest in the County Court under the statute for the office of clerk of the circuit court. Hall sued out a writ of error from the judgment of the county court to the Supreme Court, as in ordinary cases. On motion to dismiss, the Supreme Court said: "Here is a specific remedy provided in a specific case; not one arising in the usual course of legislation, but exceptional. It is a familiar principle in such cases, that where the organic or statute law has given a specific remedy, that remedy must be pursued. In contested elections before the county court, the remedy, and the only one to correct a supposed error in the judgment, is by *appeal*. In our opinion, this special provision has taken away, by reasonable implication, the remedy by writ of error. These proceedings are purely statutory, having no vigor outside of the statute; and it is an unvarying principle that the requirement of the statute must govern and control them. We are clear, on reason and authority, that a writ of error does not lie in this case, and accordingly it is dismissed." Hall v. Thode, 75 Ill., 173.

We think it is clear that it was not intended by our Legislature to give the right to prosecute the writ of error in contested election cases, and the motion to dismiss in this cause is therefore sustained.

*Dismissed.*

Application for writ of error dismissed by Supreme Court for want of jurisdiction.