## STEPHEN CALVERLEY v. W. J. SHANK.

### Decided March 15, 1902.

**1.—Contested Election—County Office—Change of Venue—Jurisdiction.**

Since an election contest is a special statutory proceeding, and the statute provides that such a contest for a county office shall be tried in the district court of the county where the election is held, the district court of another county can not acquire jurisdiction of such a contest by virtue of a change of venue, though it be made with the consent of the parties. Rev. Stats., arts. 1796-1804j.

**2.—Same—New Matter—Time of Filing.**

Where an election was contested on the ground that certain boxes were thrown out, and the contestee's answer alleged that contestant received certain illegal votes, a reply by the contestant alleging that contestee received three illegal votes set up by matter in avoidance of the answer, and not a new ground of contest such as must be filed within the thirty days allowed by the statute for filing the contest.

**3.—Same—Possession of Office—Decision.**

Since possession gives title to the office until a superior right is shown in the adverse claimant, and the statute provides that in contested election cases the court "shall decide to which of the contesting parties the office belongs," a contestee to whom the certificate of election has been awarded can not be ousted from the office merely upon proof that the contestant received the larger vote, where the evidence further shows that another person who is not contesting for the office received a larger vote than did the contestant.

**4.—Same—Presumption—Foreign Voter.**

It will not be inferred that a person did an illegal act in voting merely from the fact that he is a native of a foreign country.

Appeal from Howard.    Tried below before Hon. W. R. Smith.

*Ellis Douthit,* for appellant.

*S. H. Morrison,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This election contest arose in Glasscock County, and by consent of parties was transferred to Howard County, where it resulted in a judgment in favor of the contestant for the office of sheriff and tax collector of Glasscock County.

One of the errors is assigned upon the ground that the District Court of Howard County was without jurisdiction to determine the issue, the contention being that a proceeding to contest an election is of such nature as that the general statutory provisions affecting venue are not applicable to it.

Looking to the provisions of the Act of April 16, 1895, before the adoption of which it was held in Odell v. Wharton, 27 Southwestern Reporter, 123, that such a proceeding could not be maintained, we find the requirement that "contested elections for any county office shall be tried by the district court in the county where the election was held." We also find that "in trials of all contests of election the evidence shall be confined to the issues made by the statement and reply thereto, which statement and reply may be amended as in civil cases; and as to the

admission and exclusion of evidence, the trial shall be conducted under the rules governing proceedings in civil causes." The act also provides for appeals "under the same rules and regulations as are provided for appeals in civil cases;" but inasmuch as it does not, in terms, provide for a writ of error, it has been held that none can be prosecuted. Buckler v. Turleesville, 43 S. W. Rep., 810. The rule for taxing costs in "civil cases" is expressly made applicable to "contested election cases." The clerk is required to docket an election contest "the same as in other causes," but it is given "precedence over all other causes." Rev. Stats., arts. 1796, 1802, 1803, 1804h, 1804i, 1804j. In all other respects this act, adopted as chapter 7, title 36, of Revised Statutes, under the head of "Contested Elections," purports to regulate such contest without reference to statutes governing ordinary civil suits, and is thus made a code unto itself. Giving it this construction, this court held in McKnight v. Sone, in an oral opinion delivered June 26, 1897, that neither party to an election contest was entitled to have the issue tried by a jury, the conclusion of the court being thus noted at the time: "Neither Constitution nor statute provides for jury except in civil case, and while this proceeding is referred to as synonymous with 'cause,' it seems carefully distinguished from 'civil case.'" Rev. Stats. arts. 1796, 1802, 1803, 1804j.

This was in line with the commonly accepted construction of such statutes, as will be seen from the following quotation from McCrary on Elections, fourth edition, section 454: "A contested election case, whatever the form of the proceeding may be, is in its essence a proceeding in which the people—the constituency—are primarily and principally interested. It is not a suit for the adjudication and settlement of private rights simply. It follows that the parties to the record can not, by stipulation or otherwise, discontinue or compromise a case of this character without the consent and approval of the court or tribunal trying it." In section 456 of the same work it is further stated that "the ordinary rules governing applications for continuances, in the nature of the case, can not apply to a litigation of this kind." However, when the case of Scarborough v. Eubank, which was one to contest the validity of an election to change a county seat, came before us, we concluded that the amendment to our Constitution, adopted in 1891, which for the first time named "contested elections" as a part of the jurisdiction of the district court, had the effect of transferring such controveries from the political domain to the judicial department of the government, as will be seen from the opinion in that case, where the reasons and authorities supporting that view are given. 52 S. W. Rep., 569. The real question on which the decision in that contest turned was whether or not the qualification of the petitioners for the election was issuable in such a proceeding, and it was held by the Supreme Court, on certificate pending the motion for rehearing, that it was not. 53 S. W. Rep., 573. The rehearing was accordingly granted. Since then, in answering a certified question in the case of Compton v. Holmes, 63 Southwestern

Reporter, 621, our contested election statute has been construed as restricting contests to the cases therein expressly provided for.

We therefore understand the construction placed on this statute to be that the Legislature has so limited the manner in which the district court may exercise its constitutional jurisdiction over "contested elections" as to exclude all contests and procedure not provided for in the act itself. See, also, Messer v. Cross, 63 S. W. Rep., 169. Adopting this construction, we must hold that, as no provision has been made for the trial of an election contest for a county office, by change of venue or otherwise, outside of the county in which the election was held, and as the nature of the proceeding is such that consent can not confer jurisdiction, the judgment appealed from must be reversed and the cause remanded, with direction that it be transferred back to Glasscock County for further proceedings.

In view of another trial we deem it proper to notice some of the questions raised by other assignments. At the election out of which the contest arose appellant received 15 votes, appellee 21, W. E. Chaney 18, and A. S. Phillips 19,—all opposing candidates for the office of sheriff and tax collector of Glasscock County. Two of the four voting boxes were thrown out by the Commissioners Court, and it was upon this ground that appellee gave notice within the thirty days prescribed by law of his intention to contest the election. The answer of appellant not only traversed this ground of contest, but also charged that appellee received twelve illegal votes, naming the persons whose votes were thus challenged, and that one legally qualified voter who would have voted for appellant had been denied the privilege of voting. Appellee met the issue thus tendered with a general denial, and the further allegation that three of the votes cast for appellant were illegal; but as this supplemental pleading was filed after the thirty days allowed by law for filing a contest, it is insisted that the court erred in entertaining the issue so made. We are, however, of opinion that the new matter thus alleged by appellee is not to be regarded as a new ground of contest, but merely as a reply, by way of avoidance, to the matter set up in the answer of appellant. This very question came before the Supreme Court of Kansas in the case of Baker v. Long, 17 Kansas, 341, and was thus disposed of in the opinion of Judge Brewer: "Upon this we remark, first, that the inquiry before a contest court is not necessarily limited to the matters presented in the contestor's statement. Such a statement is in the nature of a petition, and the contestee may defend against it both by denial, and by proof of other matters showing his right to the office, notwithstanding the facts contained in the statement. In other words, he may file an answer containing both a denial and new matter. The contestor may also reply to such new matter. We remark again, that where a reply is filed to an answer containing new matter, it can not be taken as presenting a new and independent matter of contest, but must be deemed as simply a reply to the answer, and only available as a defense to such new matter. In other words, a party by his reply

can not add a new cause of action to his petition. He can not, when the testimony fails to sustain the ground of contest alleged in his original statement, abandon that, and rely upon the facts alleged in the reply as constituting his cause of action." See also the opinion of this court in Roach v. Malotte, 56 S. W. Rep., 703.

It is further insisted that as it was found upon the trial that Phillips and Chaney, who declined to join appellee in the contest, each received more votes than appellee, after deducting the illegal votes cast for him, the court erred in giving judgment in his favor for the office, although he received more legal votes than appellant. The statute, article 1804e, provides that the court trying contested election cases, after subtracting the illegal or fraudulent votes from the poll of the candidate who received them, and after a full and fair investigation of the evidence, "shall decide to which of the contesting parties the office belongs." The succeeding article makes it the duty of the court, in the event the true result can not be ascertained, to declare the election void and direct the proper officers to order another election.

The case before us does not seem to fall clearly within the provisions of either of these articles; that is, if we adopt the contention that the evidence developed that neither of the contesting parties was enitled to the office. Inasmuch, however, as appellant received the certificate of election, and held the office, and the candidate receiving the plurality vote, after all illegal votes were excluded, did not contest his right, we think it should be held that he was entitled to it. Merely because appellee received more votes than appellant did not entitle him to the office, since he failed to receive either a majority or a plurality. As in any other contest, possession gives title unless a superior right is shown in the adverse claimant. Unless this view be adopted, the case is one which seems not to be covered by either article of the statute above noticed, providing how the issue is to be determined. That it was contemplated that the court should decide the office in dispute to belong either to the contestant or the contestee, where the true result is ascertainable, is shown not only by the language of article 1804e, but also by the provisions of articles 1804, 1804a, 1804b, 1804c, 1804d, and 1804k.

We need not consider the objections raised to the charge, since we can not anticipate that a jury will be impaneled on the next trial.

As to the legality of the vote of the Mexican, it may be suggested that as he exercised the right of suffrage, it is not to be inferred that he did an unlawful thing merely because he was a native of Mexico. See Hendrix v. Culberson, 56 S. W. Rep., 616.

Other objections raised can be too easily obviated on another trial to require comment here. For the reason first given, the judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.

                                               *Reversed and remanded.*

Hunter, Associate Justice, did not sit in this case.