## J. P. JACKSON ET AL. v. G. N. BUTLER ET AL.

Decided April 1, 1905.

**Contested Election—Writ of Error—Costs.**

Since a writ of error to the Court of Civil Appeals will not lie in a contested election case, the remedy being by appeal only, the writ can not be used to bring up for review the rulings of the trial court in taxing the costs in such an action, the costs being a part of the controversy and not severable therefrom.

Error from the District Court of Dallas. Tried below before Hon. Richard Morgan.

*Hawkins & Haynes,* for plaintiffs in error.

RAINEY, CHIEF JUSTICE.—The plaintiffs in error filed a contest to test the legality of an election in an independent school district in Dallas County, held to determine whether or not a tax should be levied for school purposes. On trial the contest was sustained, but the court rendered judgment for costs against the contestants, who excepted to said judgment being rendered against them for costs. A motion for a new trial by contestants was overruled and subsequently a motion to re-tax costs was partly sustained and partly overruled, leaving about $300 costs against contestants, there being of that amount only $108.75 incurred by contestants. Because of the action of the court in taxing contestants with all the costs assessed, they bring this matter here for review on writ of error. The contestees submit to the judgment of the court and make no appearance here.

At the threshold in the consideration of this case we are confronted with the proposition as to the jurisdiction of this court to entertain this writ of error, the matter arising in a contested election case. In the case of Buckler v. Turbeville, 17 Texas Civ. App., 120, 43 S. W., 810, Finley, C. J., rendering the opinion of this court, it is held that a writ of error to this court will not lie in a contested election case; that the remedy given by statute is only that of appeal. For a discussion of this proposition, see that opinion.

But plaintiffs in error contend in effect that as there is no controversy about the judgment as to the election, and that as the controversy

arises only over the assessment of costs against the contestants, the rule announced in Buckler v. Turbeville, has no application. The subject matter of the litigation was the validity of the election. The cost grew out of and is incident to that controversy. Had there been no contest there would have been no costs, and it is therefore a part of said controversy and not severable therefrom. The judgment for costs is a part of the judgment rendered in the contested election controversy, and must be governed and controlled by the same rule of procedure in respect to appeals. This being so, we can not entertain the writ of error, and it is dismissed.

*Dismissed.*

Application for writ of error dismissed.