## PERRY et al. v. STATE et al.

### No. 8153.

Court of Civil Appeals of Texas. Austin.

May 30, 1934.

Rehearing Denied June 20, 1934.

BLAIR, Justice.

■ The state of Texas has moved to dismiss this appeal from an interlocutory order appointing a receiver upon, among others, the following grounds: (1) Because the appeal was not perfected within 20 days from the entry of the order appointing the receiver, as required by article 2250, R. S. 1925; and (2) because said article 2250 provides the exclusive method of appeal from an interlocutory order of the district court appointing a receiver, and such order may not be appealed from by writ of error under article 2255 and article 2249, R. S. 1925, as amended by Acts 1927, c. 52, § 1 (Vernon's Ann. Civ. St. art. 2249).

The state filed suit in the nature of trespass to try title to recover the lands described; that the state was the joint owner with the defendants of the oil and gas estate in the land; that same was located in an oil field, with producing oil and gas wells near the land, which were draining the oil and gas from under it; that defendants were not developing the lands as it was their duty to do, but were permitting the same to be drained; and prayed for the ex parte appointment of a receiver to take charge and develop the lands for oil and gas. The petition was duly verified; and on July 1, 1933, the court appointed the receiver, who on the same date qualified by filing his oath and bond. On November 2, 1933, the state amended its petition, in what particular we do not know, because the amended petition is not shown in the transcript, and on that date the court entered the following order:

"On this the 2nd day of Nov. 1933, it having been called to the attention of the court that the plaintiff, State of Texas, has filed an amended petition herein, it is, therefore, ordered, adjudged and decreed that the appointment of Hon. Lee Tidwell as receiver in this cause, made on the first day of July, 1933, be in all things confirmed and ratified and continued in effect, together with all of the powers contained in said order of appointment.

"And it is further ordered, adjudged and decreed that the bond heretofore approved by the court be hereby reapproved and that said appointment and qualifications be in all things confirmed and continued in effect."

The petition for writ of error recites that defendants desire to appeal from the above order, quoting it, and was filed in the trial court on March 28, 1934, more than eight months after the order of July 1, 1933, appointing the receiver, and more than four months after the confirmatory order of November 2, 1933, was entered.

Article 2250 reads as follows:

"An appeal shall lie from an interlocutory order of the district court if such appeal be taken within twenty days from the entry of such order in the following cases and shall take precedence in the appellate court, but the proceedings in the court below shall not be stayed during the pendency of the appeal, unless otherwise ordered by the appellate court:

"1. Appointing a receiver or trustee in any cause.

"2. Overruling a motion to vacate an order appointing a receiver or trustee in any case."

The courts have uniformly held that this statute requires that an appeal from an interlocutory order appointing a receiver must be perfected within twenty days from the entry of the order. 3 Tex. Jur. § 61, p. 125; § 73, p. 138; p. 963; Texas Rubber Co. v. Wilson (Tex. Civ. App.) 187 S. W. 710; Baptist

Missionary and Educational Convention of Tex. v. Knox (Tex. Civ. App.) 19 S.W.(2d) 456; Moore v. Cobe (Tex. Civ. App.) 156 S. W. 1142.

■ We are also of the opinion that article 2250 provides the exclusive method of appeal from an interlocutory order appointing a receiver. It has been uniformly held that, in absence of a statute, an appeal will lie only from a final judgment. Bailey v. Shaw (Tex. Civ. App.) 26 S.W.(2d) 669 (writ refused). Statutes relating to appeals by writ of error apply to final judgments. Statutes providing for appeals from election contests, which are somewhat similar in purpose to the statute authorizing an appeal from an order appointing a receiver, have been construed not to permit an appeal by writ of error. Article 3056, R. C. S. 1925; Frank v. Sufford (Tex. Civ. App.) 216 S. W. 283; Buckler v. Turbeville, 17 Tex. Civ. App. 120, 43 S. W. 810.

In view of our above conclusions, the appeal in this case will be dismissed.