## ILES v. HARGIS.

### Nos. 3473, 3475.

Court of Civil Appeals of Texas. Beaumont.
Oct. 10, 1938.

Rehearing Denied Oct. 14, 1938.

Adams & McAlister, of Nacogdoches, for appellant.

Sanders & McLeroy, of Center, for appellee.

PER CURIAM.

This is a primary election contest. The contestee, W. E. Iles, will be referred to as appellant; the contestant, W. B. Hargis, as appellee. The following quotation from the judgment of the lower court states clearly the nature and result of the suit:

"The court further finds that this is an election contest by the Plaintiff, W. B. Hargis, against W. E. Iles, both of whom were candidates for the office of County School Superintendent of Public Instructions in Sabine County, Texas, at the Democratic Primary Election held within said county on the 23rd day of July, 1938, and that the Democratic Executive Committee of said County had subsequently on the 2nd day of August, 1938, met within said County for the purpose of canvassing the returns of such election and to declare the result thereof and did on said aforesaid date declare the Contestee, W. E. Iles the Nominee of said Party for said office by a majority of one (1) vote, and on said date issued to him a certificate of nomination for such office, and said Committee in so declaring the results of said election, finding that W. E. Iles received 1212 votes for such office and that the Plaintiff, W. B. Hargis received 1211 votes, and the court further finds upon the trial of this case that the following named persons who voted at said election within said County for the defendant, W. E. Iles, and the votes cast by them to-wit, C. A. Boyd, B. Miller, Mrs. B. Miller, Mrs. Versie Quick, Cecil Quick, Trubie Smith, Ewell T. Woods, A. L. Hagler and Mrs. O. D. Chambers were illegal voters and illegal votes and that the total number thereof so cast that were illegal votes is 9 which should be and are hereby substracted from the poll and to-

tal received by the said W. E. Iles, and after substracting such votes so illegally cast at said election in favor of the said W. E. Iles, defendant the court finds that the Plaintiff, W. B. Hargis actually received a majority of all the legally qualified votes and legal votes cast at said election that the true result of such election for said office is to-wit; for the Plaintiff W. B. Hargis 1211 votes and W. E. Iles, 1203 votes and that W. B. Hargis is entitled to be declared the Democratic Nominee of the Democratic Primary for the office of County School Superintendent of Sabine County, Texas and therefore different from the results declared by the Executive Committee of said County aforesaid and is entitled to the relief prayed for in his petition.

"It is therefore ordered, adjudged and decreed by the court that the Plaintiff, W. B. Hargis, be and he is hereby declared the Democratic Nominee of the Democratic party of Sabine County for the office of County School Superintendent of Public Instructions of Sabine County, Texas; and,

"It is further ordered, Adjudged and decreed by the court that the County Clerk of Sabine County, Texas, be and he is hereby directed and required to forthwith and within the time required by law certify the name of the Plaintiff W. B. Hargis in the place and stead of that of the defendant W. E. Iles, as the nominee for the office of County School Superintendent of Public Instructions of Sabine County, Texas and cause the name of the Plaintiff, W. B. Hargis to be posted and published as required by law as such nominee and after same has been posted and published for the time required by law said County Clerk aforesaid is directed and ordered to cause the name of said, W. B. Hargis such nominee, to be printed on the Official Ballot in the Column for the ticket of the Democratic Party for the office of County School Superintendent of Public Instructions of Sabine County at the General Election to be held in November, 1938, after a certified copy hereof has been properly certified and furnished to the County Clerk for his observance, and

"It is Further Ordered, Adjudged and Decreed by the court that the Clerk hereof forthwith make up and furnish to the County Clerk of Sabine County, Texas, a certified copy hereof for his observance as hereinabove provided.

"It is the further order of this court that all costs in this behalf expended be taxes against the defendant W. E. Iles, for all of which execution may issue as often as may be necessary to enforce this judgment."

Appellant timely filed his appeal against the judgment of the lower court, by filing appeal bond and transcript in this court, No. 3473; he subsequently attempted to perfect an appeal to this court by writ of error, No. 3475.

Appellee has moved to dismiss the appeal on the ground that appellant gave no notice of appeal in the lower court; it is conceded on the face of the record that no notice of appeal was given in the lower court by appellant. Appellee has also filed his motion to dismiss the writ of error on the ground that an appeal from a final judgment of the lower court in a primary election contest cannot be perfected by writ of error, but only by direct appeal.

Appellant did not make an appearance, in person or otherwise, in the lower court. On the day final judgment was entered, the court adjourned for the term. His points of error, brought forward both on appeal and writ of error, relate to defects in the service upon him, under which the lower court assumed jurisdiction of the parties to the appeal and of the subject matter of the litigation. Appellant makes the point that no service was had upon him, and as he did not appear in person or otherwise, the court had no jurisdiction of the subject matter of this litigation, and, therefore, the argument is that the judgment of the lower court was in all things void.

■ This being an appeal from a judgment rendered in a primary election contest, it is governed by Art. 3153, as amended by the 42nd Legislature, c. 241, § 2, Vernon's Ann.Civ.St. art. 3153:

"In all contests as provided by the provision of the preceding Article had before the District Court, exercising either its original or appellate jurisdiction, either party may appeal to the Court of Civil Appeals. Such appeal shall be perfected forthwith and shall be advanced on the docket of said Appellate Court and have precedence of all other cases."

This article gives the losing party—"either party"—the right of "appeal" to the Court of Civil Appeals, and provides that "such appeal shall be perfected forthwith."

It does not prescribe a method for perfecting the appeal, but under the terms of the statutes, regulating appeals of primary election contests, the appeal can be perfected only from the final judgment. As the method of appeal is not prescribed in this special proceeding, we must look to the general statutes. By Art. 2253, Vernon's Ann.Civ.St. art. 2253, it is provided:

"An appeal may, in cases where an appeal is allowed, be taken during the term of the court at which the final judgment in the cause is rendered by the appellant giving notice of appeal in open court within two days after final judgment, or two days after judgment overruling a motion for a new trial."

Article 2267:

"Appeal or writ of error perfected. When the bond, or affidavit in lieu thereof, provided for in the two preceding articles, has been filed and the previous requirements of this chapter have been complied with, the appeal or writ of error, as the case may be, shall be held to be perfected."

Article 2281, Vernon's Ann.Civ.St. art. 2281:

"Transcript must contain. The transcript shall in all cases contain a copy of the final judgment, notice of appeal, petition for writ of error and citation in error, with return of service thereon, bond on appeal or writ of error, or affidavit in lieu thereof, and a statement of the accrued costs."

A citation of these articles is not necessary, but we bring them forward in our opinion only to state the statutory language. No one would question the proposition that an appeal from a final judgment, such a judgment as falls within the provisions of Art. 2253, can be perfected only by giving notice of appeal in open court and by due performance of all the other statutory essentials. Hamilton v. Empire Gas & Fuel Co., Tex.Com.App., 110 S.W.2d 561.

■ Appellant concedes this point, but in support of his right of appeal asserts that an appeal from a primary election contest is a "summary proceeding"—a special proceeding that has its foundation only in the statutes. Adamson v. Connally, Tex. Civ.App., 112 S.W.2d 287. This proposition does not support appellant's right to perfect his appeal without giving the statutory notice of appeal at the time prescribed by the quoted statutes. Where the statutes give a right and its method of enforcement or enjoyment is not prescribed, then the general statutes must be looked to, and are read into the statutes giving the right in issue. In the contest before us, Art. 3153 copied above does not prescribe a method of perfecting the appeal from the final judgment; hence it follows that the general statutes regulating appeals from final judgments must be read into Art. 3153.

■ As against this conclusion, appellant invokes, as analogous and controlling in his favor, appeals in the following special proceedings:

(a) Temporary Receiverships—This proceeding is not in point; we quote the following proposition from 3 Tex.Jur. 287:

"Nor is notice of appeal necessary on an appeal from an interlocutory order appointing a receiver, the statute which requires notice being applicable only in cases where final judgments are rendered."

The appeal at bar is from a final judgment and not "from an interlocutory order."

(b) Appeals on Pleas of Privilege—The construction given the statute regulating appeals on pleas of privilege directly supports our construction of Art. 3153. On this point we quote from 3 Tex.Jur. 284, 285:

"Necessity of Notice—Generally—An appeal may be taken to the Court of Civil Appeals from the County or District Court "by the appellant giving notice of appeal in open court 'within two days after final judgment,' or two days after judgment overruling a motion for a new trial, which shall be noted on the docket and entered of record," etc.

"As a general rule this provision of the Revised Statutes as to notice is mandatory, and if it is not complied with the appeal will be dismissed for want of jurisdiction, whether the appeal be from a judgment on a plea of privilege or otherwise."

(c) Appeal from Order Granting Temporary Injunction—This character of appeal is regulated by Art. 4662, which provides that it is perfected "by filing the transcript in such case with the clerk of the said appellate court," etc. It thus appears that the statute prescribes the very method of perfecting appeals of this character, and that no notice of appeal is required.

The simple proposition before us is that the appeal in this case is from a final judg-

ment and must be governed by Art. 2253. It follows that appellee's motion to dismiss the appeal must be sustained.

■ Under the authorities, as this court understands them, an appeal in an election contest cannot be perfected by writ of error, and the motion to dismiss the writ of error must be sustained. Art. 3056, Revised Civil Statutes; Art. 3153, Revised Civil Statutes; Buckler v. Turbeville, 17 Tex.Civ.App. 120, 43 S.W. 810; Jackson v. Butler, 38 Tex.Civ.App. 613, 86 S.W. 772; Frank v. Sufford, Tex.Civ.App., 216 S.W. 283; Perry v. State, Tex.Civ.App., 72 S.W.2d 921; Younger v. Glass, Tex. Civ.App., 76 S.W.2d 544; State ex rel. Dunn v. Thompson, 88 Tex. 228, 30 S.W. 1046; Calverley v. Shank, 28 Tex.Civ. App. 473, 67 S.W. 434; 16 Tex.Jur. p. 193, sec. 147.

Our order is that the appeal, both by direct appeal and by writ of error, be dismissed.