**BEELER et al. v. LOOCK et al.**

No. 10983.

Court of Civil Appeals of Texas. Galveston.

Dec. 7, 1939.

Rehearing Denied Jan. 4, 1940.

April of this year. The district is incorporated under the general law, and this election was the first succeeding regular election after the district's incorporation, thereby necessitating the election of a full ticket of seven trustees. There were fourteen candidates for the seven places on the board. As will be noted from returns as made to the Commissioners' Court, there were only thirteen votes difference between the highest and lowest candidates:

| | |
|---|---|
| George Grosche | 119 |
| A. A. Beckendorf | 116 |
| Rudolph Hoffman | 115 |
| W. C. Hillendahal | 115 |
| A. E. Marks | 114 |
| W. J. Habermacher | 113 |
| A. W. Gleason | 113 |
| Arthur H. Beeler | 113 |
| W. R. Euton | 112 |
| William Hammond | 110 |
| L. H. Sauer | 111 |
| D. J. Dockal | 108 |
| O. H. Loock | 106 |
| G. M. Goar | 106 |

This contest was filed by four of the losing candidates against seven of the other candidates. Three of the candidates who were shown to have been elected by the Commissioners' Court canvass, were not made parties to the suit, and did not become parties to it. Those three candidates which were not made parties to the suit, it would appear, belonged to the same "slate" as did the contestants. The contestees who were shown by the canvass to have been elected, urged that there was a want of necessary parties, which plea was by the court overruled.

The trial court ordered the ballot box opened and a retabulation count made of all votes. The court sustained several challenges made by contestants, and overruled all challenges made by the contestees. The court rendered judgment materially changing the result of the election. Marks, one of the contestees, was declared defeated. Beeler, one of the contestees, who was not claiming to have been elected, was declared to have been elected. And Habermacher and Euton, contestants, were declared elected.

Appellants predicate their appeal on three points:

1. That our statutes only authorize the contest of the election of a party holding an *election certificate,* therefore, there is no authority to contest an election of a

J. S. Bracewell, of Houston, for appellants.

Ernest A. Knipp and H. T. Fleming, both of Houston, for appellees.

CODY, Justice.

This is an election contest, arising over the election of school trustees in the Addicks Independent School District, in

person who is defeated, or who receives a tie vote, so that he has received no certificate of election.

2. That in an election such as this, where none of the candidates are seeking any particular place, it is necessary to make all the candidates shown by the canvass to have been elected, parties to the suit, especially where there are enough votes challenged to change the result as to the parties who are not made parties to the suit.

3. That the court erred in sustaining certain of the challenges made by contestants, and in refusing certain of the challenges made by the contestees.

■■ It is appellees' contention that this court is without jurisdiction of this appeal at all—raised by motion to dismiss the appeal, and urged as part of the answer to appellants' contentions. The grounds urged by appellees in support of this claim are that appellants have failed to appeal from the judgment of the trial court in conformity with the requirements of Art. 3056, which is the authority for appealing election contests. The article provides in part: "Either the contestant or contestee may appeal *from the judgment* of the district court to the Court of Civil Appeals, under the same rules and regulations as are provided for appeals in civil cases * * *." It is appellees' contention that, as appellants filed a motion for a new trial below, and appealed from the court's refusal to grant a new trial, that they did not appeal from the *judgment* of the district court with respect to the election contest, but merely appealed from the ruling on the motion for a new trial. Undoubtedly the jurisdiction of a district court in election contests will be strictly construed. Our contested election statute has been construed as restricting contests to the cases therein expressly provided for, and to the procedure provided for in the Act itself. "We therefore understand the construction placed on this statute to be that the legislature has so limited the manner in which the district court may exercise its constitutional jurisdiction over 'contested elections' as to exclude all contests and procedure not provided for in the act itself." Calverley v. Shank, 28 Tex.Civ.App. 473, 67 S.W. 434, 435. But it was never contemplated that any strained construction should be placed on the act, such as might serve to entrap even the wary. It is a normal prac-

tice in civil cases, even when there is no jury, for one feeling aggrieved with a judgment to move for a new trial. Certain it is that the rules and regulations for "appeals in civil cases" contemplate that one feeling himself aggrieved at the judgment of the trial court, may within a prescribed time apply to the trial court for a new trial. If the act does not in terms authorize a party feeling aggrieved at the judgment of the trial court to first seek a new trial there, it certainly employs language the tendency of which is to lead a careful lawyer to believe that such procedure was intended to be authorized. In the recent case of Marks v. Jackson, Tex. Civ.App., 130 S.W.2d 925, we sustained the jurisdiction of the trial court to follow a normal and usual course of procedure which applied generally in civil cases. The Legislature cannot be taken to have intended any strained construction to be placed on language used in statutes authorizing appeals, which would have the effect of misleading careful and diligent lawyers to lose the right of appeal. What we have said also applies, we believe, to the right of contestees to file answers in court, and to amend such answers, so long as in doing so a normal practice followed in the trial of civil causes is pursued. Appellees' contention that we are without jurisdiction to consider this appeal is overruled. Their motion to the same effect, taken with the case, is refused.

Recurring now to the first two points relied on by appellants for reversal of the judgment of the court below, it seems to us that they are inconsistent with each other. If we understand appellants' statement of their first point, then there is no authority under the law for a contestant to make any other candidate a party to the contest except such as had received a certificate of election. If we understand the reasoning appellants urge in support of their second point, then all candidates were indispensibly necessary parties to the contest.

■■ As indicated above, our contested election statute has been construed as restricting contests to the cases and procedure therein expressly provided for. It is well known that the closer the vote is in any particular political race, the greater the likelihood that illegal votes, if counted, have affected the result; and the greater the likelihood that if they are thrown out, that the result of the election

will be changed. If the result of the contested-election law was to authorize a contest in every instance except where the race was so extremely close as to be tied, this would be an absurdity that the Legislature certainly never intended. We hold that the legislative intent manifested by the contested-election statute is sufficiently broad to authorize an election contest where the candidates have tied, by necessary implication. Surely had the Legislature intended to make such an exception to the act, one so contrary to the purpose and spirit of the act, it would have been expressed in terms. A tie, in a race for office, differs from other close races, only in the vote being closer and more nearly equal, and in increasing the logical justification for concluding that á recount will change the result. We do not regard the provision in the act relating to certificate of election as mandatory, but as merely directory at most. Vernon's Ann. Civ.St. art. 3032. The issuing of the certificate to the candidate receiving the highest vote is a ministerial act. It is not the certificate that confers the right on the candidate to the office, but the highest vote. In the overwhelming number of instances, a count will show one of the candidates received the greatest number of votes. And, in most elections, when it does happen that those who canvass the returns find a tie vote, the probability is certainly as great that those who counted the votes erred, as that there was really a tie. It is true that Article 2953 provides: "At any election, if there be an equal number of votes given to two or more persons for the same office, except executive offices as provided in the Constitution, and no one elected thereto, the officer to whom the returns are made shall declare such election void as to such office only, and shall immediately order another election to fill such office."

 The quoted Article does not have the effect of making the tally of the votes returned uncontestable, where the votes appear from such return to be equal, if in fact, by a true count of the legal votes cast, the votes were unequal, and one of the candidates was actually elected. By its own terms the Article is intended to apply in cases where no one was actually elected.

 In the present instance, the trial court has found that, by a true count, seven candidates were actually elected. In making this determination it acted within Articles 3053 and 3054. In the present instance, however, the fact that candidates might receive an equal number of votes, there being seven places, and not merely one, to fill, could not result in the election being void merely because two or more may have received an equal number of votes.

Appellants' assignment based on their point one is therefore overruled.

 Appellants' second point is, in effect, that the three candidates who were not parties to the contest, Beckendorf, Hillendahl and Groschke, were indispensibly necessary parties. If appellants are correct then this cause will have to be reversed. Even if such a point were not raised in the trial court, and if such point appeared to the appellate court without having been raised, the case would have to be reversed because courts cannot try cases in the absence of indispensibly necessary parties. And appellants raised this point seasonably in the trial court.

 We believe, contrary to appellants' contentions, that every candidate for an office in a contested election case, is a proper party. It seems clear to us that, in the normal election, where there is a race for only one office, and there are several candidates, and certain of such candidates receive so few of the votes cast that under no supposable facts could a recount of votes result in their election, such candidates could not be held as indispensibly necessary. Upon the same principle, in a case where there are seven places to be filled, certain of the candidates may conceivably receive so great a majority that under no supposable facts could a recount result in their defeat. Since the facts that are to be proven in an election-contest case are made to appear in the statement or pleadings of the parties, we take it, that, as in every other case, the pleadings will be looked to, to determine whether or not the court has before it the parties indispensibly necessary to try the issues made by the pleadings.

 An examination of the pleadings discloses that contestants and certain of contestees variously allege that illegal votes were counted, or legal votes not counted, enough to change the result of the election, but nowhere is it alleged by anyone that any illegal votes were counted

for the three candidates not made parties. Contestants allege that illegal votes were cast for contestees, and such of the contestees as filed other than formal answers, allege that illegal votes were counted for contestants. And the court did not find from the evidence that enough illegal votes were cast for the candidates not made parties to change the result. Had such a result come about, the court would doubtless have been required to declare a mistrial, though that point is not before us for decision. For a court cannot adjudicate upon the rights of parties not brought before it, without giving them an opportunity to be heard. So far as we are able to determine, this chance of a mistrial all parties to the suit deliberately risked. We say this because all parties to a suit are bound to know that no valid judgment can be rendered where there is a want of indispensibly necessary parties. Appellants contend that the three parties not made parties were necessary, while appellees contended otherwise. If the court correctly determined what were legal votes, he was correct in his ruling that said parties were not necessary to a valid trial and judgment.

Appellants' assignment based on their second point is overruled.

■■■ We have carefully read the trial court's findings, as taken down, relative to the qualifications of the various voters, whose votes were contested. We have carefully considered the objections urged by both appellants and appellees, and what appellees have said in support of the court's findings. We have concluded that there is sufficient evidence to support the court's judgment.

The judgment of the court below is affirmed.

Affirmed.