

February 11, 2015

The Honorable Andrew Lucas
Somervell County Attorney
Post Office Box 1335
Glen Rose, Texas 76043

Opinion No. KP-0002

Re: Determination of the terms of office for county hospital district board members who received the same number of votes in the initial election (RQ-1213-GA)

Dear Mr. Lucas:

You ask about the determination of the terms of office for members of a county hospital district board of directors when, in an at-large election of the members of the initial permanent board, two of the members received the same number of votes.[1] You inform us that the Somervell County Hospital District (the "District") was created pursuant to chapter 286 of the Health and Safety Code. Request Letter at 1. The petition to create the District calls for a board of seven directors who are to be elected at large. *See id.*, Exhibit A ("Petition to Create the Somervell County Hospital District") (on file with the Op. Comm.).

Section 286.042 allows a chapter 286 hospital district to elect its initial permanent directors either at large, by place, or by a hybrid of precinct and at-large positions. TEX. HEALTH & SAFETY CODE ANN. § 286.042(b)–(d) (West 2010). For a district that elects its directors at large under subsection (b), "the appropriate number of candidates receiving the highest number of votes at the initial election of directors are directors for the district." *Id.* § 286.042(b)(1). In an at-large district, "the number of directors equal to a majority of the directors who receive the highest number of votes at the initial election serve for a term of two years; and . . . the remaining directors serve for a term of one year." *Id.* § 286.042(b)(2)–(3). Thereafter, directors serve two-year terms, so that the district holds an election each year to select the appropriate number of successor directors for a two-year term. *Id.* § 286.042(e).

You state that at the May 2014 election of the initial permanent board, seven persons received the highest votes out of a field of eighteen candidates. Request Letter at 1. Two of the seven received the same number of votes, however, tying for the fourth-highest number of votes. *Id.* Because seven candidates for seven at-large positions received more votes than the remaining candidates, the seven have been elected to office. *See* TEX. HEALTH & SAFETY CODE ANN.

---

[1]*See* Letter from Honorable Andrew Lucas, Somervell Cnty. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. (Aug. 13, 2014), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

§ 286.042(b)(1) (West 2010). Your question is not about who has been elected to office, but about the directors' terms of office. You ask whether the directors who received the same number of votes are part of the "majority of the directors who receive the highest number of votes" and therefore both serve a two-year term under section 286.042(b)(2) of the Health and Safety Code, or whether the District must hold a tie-breaking election under section 2.002 of the Election Code. *Id.*; Request Letter at 1–2; *see also* TEX. ELEC. CODE ANN. § 2.002 (West 2010).

We first consider whether section 2.002 of the Election Code authorizes a second election in the present circumstances. Subsection 2.002(a) of the Election Code authorizes a second election only when, "in an election requiring a plurality vote, . . . two or more candidates for the *same office* tie for the number of votes *required to be elected.*" TEX. ELEC. CODE ANN. § 2.002(a) (West 2010) (emphasis added). Even if the election at issue required a plurality vote, that section authorizes a second election only to fill an office, not merely to establish whether directors who have been elected will serve a one-year or a two-year term. Here, seven candidates received the votes required to be elected to the seven at-large director positions, and therefore, each has been elected to an office. *See* TEX. HEALTH & SAFETY CODE ANN. § 286.042(b)(1) (West 2010). No directors tied for the same office. Section 2.002 does not require or authorize a second election when there is no office to fill because the appropriate number of candidates have been elected to the same number of at-large positions. *See Beeler v. Loock*, 135 S.W.2d 644, 647 (Tex. Civ. App.—Galveston 1939, writ dism'd) (stating that a predecessor statute was "intended to apply in cases where no one was actually elected," and upholding the election of seven candidates to fill seven positions even though two or more may have received an equal number of votes); *see also Countz v. Mitchell*, 38 S.W.2d 770, 774 (Tex. 1931) (holding that the right to conduct an election must be authorized by a statute or the constitution).

Section 286.042 of the Health and Safety Code does not prescribe how to determine the terms of office of members elected to a governing body when two received the same number of votes in an at-large election. *See* TEX. HEALTH & SAFETY CODE ANN. § 286.042 (West 2010). Subsection (b) does not explain what constitutes "a majority of the directors who receive the highest number of votes at the initial election." *Id.* § 286.042(b)(2)–(3).

The Legislature may have anticipated that the statutory mechanism it created in section 286.042(b) would result in annual elections of roughly one-half of a board elected at large. Subsection (c), applicable to the districts that elect directors by place, and subsection (d), applicable to districts that elect directors by precinct and at large, both provide for elections of approximately half of the members of the board each year. *Id.* § 286.042(c)–(d). But while annual elections for approximately half of the board in at-large districts may have been the Legislature's intended goal, the language it chose does not produce that result in all cases. Specifically, section 286.042(b) does not contemplate the possibility that two of the directors may receive the same number of votes under the unique circumstances presented here.[2] Even if it appears that there may

---

[2]You note that the petition calling for the creation of the District specifies that four directors will serve a two-year term and three will serve a one-year term. Request Letter at 1, Exhibit A (providing that "four (4) directors who

have been an inadvertent omission in a statute, courts will construe a clear statute as written unless it produces absurd results. *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 637–38 (Tex. 2010).  A court could conclude, therefore, that two directors of a seven member board who both receive the fourth-highest total number of votes are included in the "majority of the directors who receive the highest number of votes" and that both serve a two-year term under section 286.042(b)(2). TEX. HEALTH & SAFETY CODE ANN. § 286.042(b)(2) (West 2010).[3]

---

receive the most votes at the initial election of directors will serve for two years [, and the] remaining three (3) directors will serve for one (1) year") (on file with the Op. Comm.).  Like section 286.042 of the Health and Safety Code, the petition does not address terms of office when there are not four directors elected who received more votes than the remaining three.  Thus, the petition is not contrary to the statutory election provisions.

[3]You state that you understand "that the district's board of directors is ready to cast lots" to determine who will serve a two-year term and who will serve a one-year term. *Id.* at 2.  The Legislature has recognized casting lots as a method for resolving some election issues, although that method is not specifically required here.  *See* TEX. SPEC. DIST. CODE ANN. § 7201.052(i) (West 2014) (requiring the directors of the Agua Special Utility District to cast lots to determine terms of office).  We are not aware of any statute that would preclude the directors of the District who received the same number of votes from agreeing that one will serve a one-year term as determined by casting lots.

## S U M M A R Y

When a hospital district created under chapter 286 of the Health and Safety Code elects its initial permanent board of directors in an at-large election, the majority of the directors who receive the highest number of votes serve two-year terms. A court could conclude that when two directors of a seven member board both receive the fourth-highest total number of votes, they both are included in the majority who serve two-year terms.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee